## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

```
-------------------------------------------------------------X
COMPOUND PROPERTY MANAGEMENT              :
LLC, et al.                               :
                                          :
                        Plaintiffs,       :
                                          :
            - against -                   :
                                          :
BUILD REALTY, INC. d/b/a GREENLEAF        :
FUNDING, et al.,                          :
                                          :
                        Defendants.       :
-------------------------------------------------------------X
```

Index No.: 1:19-CV-00133-MRB

Judge Michael R. Barrett

**MOTION TO DISMISS**

**Oral Argument Requested.**

Pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure, defendants Smith, Graham & Co. Investment Advisors, L.P. and Five Mile Capital Partners LLC, by and through counsel, request that this Court dismiss Plaintiffs' Complaint as against them. A Proposed Order is attached as Exhibit A and will be emailed to the Court. A Memorandum in Support follows.

HW_US:73438580.5

Respectfully submitted,

/s/ Jeffrey T. Cox
Jeffrey T. Cox (0055420)
Trial Attorney
FARUKI PLL
110 North Main Street, Suite 1600
Dayton, OH
Telephone: (937) 227-3704
jcox@ficlaw.com

-and-

Patrick L. Robson*
Jennifer L. Bloom*
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, NY 10166
(212) 309-1000

*To be admitted *pro hac vice*

*Attorneys for Defendants Smith, Graham & Co. Investment Advisors, L.P. and Five Mile Capital Partners LLC*

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... iv

PRELIMINARY STATEMENT .....................................................................................1

ARGUMENT ...................................................................................................................2

    I.      Plaintiffs' Complaint Should be Dismissed Because it Names Incorrect Parties ..........2

    II.     The Action Should be Dismissed for Lack of Personal Jurisdiction .............................5

    III.    The Court Should Decline to Substitute the Proper Parties Because Plaintiffs Were Informed of the Correct Parties and There is No Excusable Mistake............................7

CONCLUSION.................................................................................................................8

HW_US:73438580.5

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                     **Page(s)**

*Beck v. Prupis*,
    529 U.S. 494 (2000) ................................................................................................4

*Blount Fin. Servs. Inc. v. Walter E. Heller & Co.*,
    819 F.2d 151 (6th Cir. 1987) .................................................................................4

*Christopher Seri v. Crosscountry Mortg., Inc.*,
    2016 WL 5405257 (Sept. 28, 2016) .......................................................................4

*Duffin v. Washtenaw Sheriff Dep't*,
    2008 WL 2415864 (E.D. Mich. Jun. 12, 2008) .....................................................2

*Dupee v. Playtika Santa Monica LLC*,
    2016 WL 795857 (N.D. Ohio Mar. 1, 2016) .........................................................6

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945) ................................................................................................6

*Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*,
    176 F.3d 904 (6th Cir. 1999) .................................................................................5

*Meznarich v. Morgan Waldron Ins. Mgmt., LLC*,
    2011 WL 4633915 (N.D. Ohio Sept. 30, 2011) ....................................................2

*Mulbarger v. Royal Alliance Assocs., Inc.*,
    10 F. App'x 333 (6th Cir. 2001) ...........................................................................3

*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*,
    91 F.2d 790 (6th Cir. 1996) .............................................................................5, 6

*In re Refco Inc. Sec. Litig.*,
    826 F. Supp. 2d 478 (S.D.N.Y. 2011) ..................................................................4

*Snyder v. U.S.*,
    990 F. Supp. 2d 818 (S.D. Ohio 2014), *aff'd* 956 F.2d 560 (6th Cir. 1992) ...........4

*Stenger v. Marriot Int'l Corp. Headquarters*,
    2016 WL 223681 (S.D. Ohio Jan. 19, 2016) (Barrett, J.) ..................................2, 6

*Third Nat'l Bank in Nashville v. WEDGE Group Inc.*,
    882 F.2d 1087 (6th Cir. 1989) ..............................................................................6

*Estate of Thomson v. Toyota Motor Corp. Worldwide*,
    545 F.3d 357 (6th Cir. 2008) .............................................................................5, 6

HW_US:73438580.5

*Trinity Univ. Ins. Co. v. Turner Funeral Home*,
   2003 WL 25269317 (E.D. Tenn. Sept. 18, 2003) ...................................................................5

*Van Sickle v. Fifth Third Bancorp.*,
   2012 WL 3230430 (E.D. Mich. Aug. 6, 2012) .....................................................................7

*Vild v. Visconsi*,
   1990 WL 357271 (N.D. Ohio Jun. 26, 1990) ........................................................................4

**Statutes**

Ohio Rev. Code § 2307.382 ...........................................................................................................6

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, 6A Fed. Prac. & Proc. Civ. § 1555 (3d
   ed. 2018) ................................................................................................................................7

Fed. R. Civ. P. 9 ............................................................................................................................4

Fed. R. Civ. P. 12(b)(2) ...................................................................................................1, 2, 6, 8

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ *passim*

Rule 17(a)(3) .............................................................................................................................2, 7, 8

HW_US:73438580.5

Defendants Smith, Graham & Co. Investment Advisors, L.P. ("Smith, Graham") and Five Mile Capital Partners LLC ("Five Mile") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(2).

## PRELIMINARY STATEMENT

Defendants Smith, Graham & Co. Investment Advisors, L.P. and Five Mile Capital Partners LLC were incorrectly named as defendants in this action. Despite numerous attempts to amicably and efficiently resolve this issue with counsel, Plaintiffs refuse to amend their Complaint to name the correct legal entities. Plaintiffs' Complaint purports to name Smith, Graham and Five Mile as "Co-Conspirators" and defines them jointly as "Permanent Lenders", the legal entities that "buys the loan from Build." (Complaint ¶¶ 9-11, Doc. 1 at PageID 5-6.) But the entities that Plaintiffs are describing—entities that purchase loans from and are in contractual privity with Build—are not Smith, Graham & Co. Investment Advisors, L.P. and Five Mile Capital Partners LLC; rather; Plaintiffs are describing two investment funds: Five Mile Capital Residential Bridge Loan Venture IV LP and SGIA Residential Bridge Loan Venture V LP (the "Funds").[1]

Documentary evidence—of which Plaintiffs' counsel has been aware for at least one year—submitted with this motion demonstrates unequivocally that the Funds are the entities that purchased two of the three mortgage loans at issue in this lawsuit. Because the named defendants are the incorrect corporate entities, do not have any relationship with Build Realty or to the facts alleged in the Complaint, and Plaintiffs' counsel has refused to amend the Complaint

---

[1] Defendants Five Mile and Smith, Graham act as Managers and Investment Advisors to the Funds, respectively, but, as reflected in the Loan Purchase Agreements, do not buy mortgage loans from Build.

to name the correct parties, defendants now move for an order dismissing them from this action pursuant to Rule 12(b)(6).

The Complaint also should be dismissed as to defendants Five Mile and Smith, Graham because this Court lacks personal jurisdiction. Entirely absent from the Complaint are any allegations that Five Mile or Smith, Graham are subject to general or specific jurisdiction of the Ohio courts. Indeed, none of the acts described in the Complaint relate to Five Mile and Smith, Graham.[2] For this additional reason, this action should be dismissed pursuant to Rule 12(b)(2).

Finally, because Plaintiffs know that they have named incorrect parties and purposefully declined to correct these errors, no excusable mistake exists and substitution of parties under Rule 17(a)(3) should be denied.

## **ARGUMENT**

I.     Plaintiffs' Complaint Should be Dismissed Because it Names Incorrect Parties

Courts routinely dismiss defendants from actions where the plaintiff named the incorrect party. *See, e.g., Stenger v. Marriot Int'l Corp. Headquarters*, 2016 WL 223681, at *4-5 (S.D. Ohio Jan. 19, 2016) (Barrett, J.) (dismissing action against improperly named corporate entity and denying leave to amend); *Meznarich v. Morgan Waldron Ins. Mgmt., LLC*, 2011 WL 4633915, at *4 (N.D. Ohio Sept. 30, 2011) (dismissing case against incorrect corporate entity); *Duffin v. Washtenaw Sheriff Dep't*, 2008 WL 2415864, at *2 (E.D. Mich. Jun. 12, 2008) (dismissing action where defendant was "not an entity capable of being sued.") (citation omitted).

As repeatedly noted to Plaintiffs' counsel, the actual corporate entities that contracted to purchase mortgage loans from Build Realty are SGIA Residential Bridge Loan Venture V LP

---

[2] Smith, Graham and Five Mile do not concede that the Funds did undertake any of the acts or omissions alleged in the Complaint, but merely state that these entities did have a contractual relationship with Build Realty.

HW_US:73438580.5

and Five Mile Capital Residential Bridge Loan Venture IV LP. (Robson Decl. Exs. 1 & 2.) These facts are evidenced by two Loan Purchase Agreements submitted in support of this motion. (*Id.*) Because these agreements contradict Plaintiffs' allegation that Smith, Graham and Five Mile "buys the loan[s] from Build", such allegations need not be taken as true for purposes of the present motion. *Mulbarger v. Royal Alliance Assocs., Inc.*, 10 F. App'x 333, 335 (6th Cir. 2001) (for purposes of Rule 12(b)(6) motion, court "is *not* bound to accept . . . unwarranted inferences, including allegedly inferable 'facts' or conclusions which contradict documentary evidence appended to, or referenced within, the plaintiff's complaint . . . .") (citation omitted) (emphasis in original).

Plaintiffs' assertions that Five Mile and Smith, Graham "allow[] Build to be its [sic] agent for the purpose of securing the loan transactions" and are thus liable "under theories of agency and/or agency by estoppel, without limitation" only underscores the conclusory and erroneous nature of Plaintiffs' allegations. (Complaint ¶¶ 39, 40, 42, Doc. 1 at PageID 17-19.) As a threshold matter, both Loan Purchase Agreements establish that they do not create an agency relationship by which the loan purchaser would be liable for Build's acts or omissions in originating the loans. (*See* Robson Decl. Ex. 1 § 9 ("The Parties acknowledge and agree that this is an arms-length transaction . . . nothing in this Agreement is to be construed to constitute the Parties as employer/employee, franchiser/franchisee, agent/principal, partners, joint ventures, co-owners or otherwise as participants in a joint or common undertaking, nor to create a fiduciary duty between the Parties"); Ex. 2 § 9.) Moreover, nothing in these Agreements establishes any direct relationship, much less an agency relationship, between Build and the named defendants.[3]

---

[3] To the extent that Plaintiffs are relying on the fact that Smith, Graham & Co. Investment Advisors, L.P., and Five Mile Capital Partners LLC are listed in the signature blocks of the Loan Purchase Agreements as authorized signatories, such inclusion does not make Five Mile or Smith, Graham parties to the Agreements any more than it would make individuals authorized to sign on behalf of a company personally liable under a contract.

Finally, insofar as Plaintiffs contend that Five Mile and Smith, Graham are nevertheless proper parties to this lawsuit, Plaintiffs have utterly failed to allege (i) predicate or overt acts by defendants in furtherance of a federal or state conspiracy (Count I – alleging that "[the Funds] purchase notes" from Build (Complaint ¶ 185, Doc. 1 at PageID 76); Count III – alleging that "[the Funds] have continued to fund the fraudulent Build Scheme" (Complaint ¶ 215(a)(ii)(6), Doc. 1 at PageID 85)); or (ii) any contractual relationship between defendants and Plaintiffs that would provide a basis for a declaratory judgment claim on Plaintiffs' mortgages. (Count V – seeking declaratory judgment as to rights under mortgage loans to which neither Five Mile, nor Smith, Graham have ever been parties (Complaint, Doc. 1 at PageID 91-93).)[4] It is black letter law that federal RICO claims require a plaintiff to plead "predicate acts involving fraud"[5] and that civil conspiracy requires pleading a tortious overt act in furtherance of a conspiracy. *See Beck v. Prupis*, 529 U.S. 494, 505 (2000); *Vild v. Visconsi*, 1990 WL 357271, at *3, 5 (N.D. Ohio Jun. 26, 1990) (dismissing RICO causes of action for failure to state a claim where no predicate acts were alleged); *Snyder v. U.S.*, 990 F. Supp. 2d 818, 840 (S.D. Ohio 2014), *aff'd* 956 F.2d 560 (6th Cir. 1992) (dismissing civil conspiracy claim where no illegal overt acts

---

Under New York law, which governs the Loan Purchase Agreements, an authorized signatory who signs on behalf of another legal entity—here the Funds—is not bound by the terms of the agreement. *See, e.g.*, *In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 493 (S.D.N.Y. 2011) (dismissing breach of contract claims against individually named defendants who signed contract as corporate officers because they were not parties to contract and therefore not liable for breaching it). *See also* Robson Decl. Exs. 1 & 2 at § 12 (agreement to be interpreted under New York law).

[4] Counts II (Breach of Fiduciary Duty), IV (Unjust Enrichment), VI (Declaratory Judgment as to the Trusts), and VII (Declaratory Judgment as to the Trusts) are not alleged against "the Permanent Lender" defendants. (Complaint, Doc. 1 at PageID 83, 91, 93, 95.)

[5] RICO claims must be pled with particularity under Fed. R. Civ. P. 9, and such claims are subject to dismissal if they fail to meet this heightened pleading standard. *Blount Fin. Servs. Inc. v. Walter E. Heller & Co.*, 819 F.2d 151, 152-53 (6th Cir. 1987). Moreover, complaints that employ "shotgun" techniques, such as lumping all defendants together where "the Complaint does not describe with any clarity what [individual defendant's] actual, individual role . . . is alleged to be" are subject to dismissal under Rule 12(b)(6). *See, e.g.*, *Christopher Seri v. Crosscountry Mortg., Inc.*, 2016 WL 5405257, at *4 (Sept. 28, 2016).

alleged). Plaintiffs' Complaint plainly fails to allege any predicate or overt acts undertaken by Smith, Graham or Five Mile.

It is inappropriate for a party to seek declaratory relief regarding a contract to which it is not a party. *See, e.g.*, *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 908-09 (6th Cir. 1999) ("[W]e believe that the breach of the contract to be avoided by the use of the declaratory judgment is normally one where the contemplated conduct or inaction by the plaintiff affects a contract between the plaintiff and the defendant in the declaratory judgment action, not between the plaintiff and a third party.") (quotation omitted); *Trinity Univ. Ins. Co. v. Turner Funeral Home*, 2003 WL 25269317, at *10 (E.D. Tenn. Sept. 18, 2003) (denying motion to intervene where "movants were not parties to the insurance contracts at issue in this declaratory judgment action"). Plaintiffs have failed to plead the existence of any contractual relationship that would entitle them to relief here.

Plaintiffs' Complaint should therefore be dismissed as to defendants Five Mile and Smith, Graham.

II.    The Action Should be Dismissed for Lack of Personal Jurisdiction

Absent from Plaintiffs' Complaint are *any* allegations establishing personal jurisdiction over defendants Five Mile and Smith, Graham. Ohio law provides two bases for exercising jurisdiction over defendants:

> Jurisdiction may be found to exist either generally, in cases in which a defendant's "continuous and systematic" conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state, or specifically, in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum.

*Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008) (citing *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.2d 790, 793 (6th Cir. 1996)).

HW_US:73438580.5

General jurisdiction requires contacts of "such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* (quoting *Third Nat'l Bank in Nashville v. WEDGE Group Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989)).

Plaintiffs do not even attempt to allege general jurisdiction over Five Mile or Smith, Graham, which entities are located in Connecticut and Texas, respectively. (Complaint ¶¶ 20, 39, 40, Doc. 1 at PageID 9, 17.)

Jurisdiction may also be exercised under Ohio's long-arm statute, for specific categories of conduct that are covered by that statute. Ohio Rev. Code § 2307.382. Any exercise of long-arm jurisdiction must comport with general principles of due process. *Nationwide*, 91 F.2d at 793; *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

But here, insofar as the Complaint can be read to include any jurisdictional allegations, they all refer to the contractual relationship between Build and the Funds, not Five Mile or Smith, Graham. (Complaint ¶¶ 20, 39, 40, Doc. 1 at PageID 9, 17.) A court cannot exercise personal jurisdiction over defendants that were incorrectly named as parties to an action. *See Stenger*, 2016 WL 223681, at *5 (allegations that incorrectly named corporate parent "owned and operated" subsidiary insufficient to bring case within reach of Ohio long-arm statute); *see also Dupee v. Playtika Santa Monica LLC*, 2016 WL 795857, at *2-4 (N.D. Ohio Mar. 1, 2016) (dismissing for lack of personal jurisdiction under Rule 12(b)(2) where, among other things, plaintiff sued incorrect party which was demonstrated by documentary evidence).

For this additional reason, Smith, Graham and Five Mile should be dismissed from this action for lack of personal jurisdiction pursuant to Rule 12(b)(2).

III.     The Court Should Decline to Substitute the Proper Parties Because Plaintiffs Were
         <u>Informed of the Correct Parties and There is No Excusable Mistake</u>

         While Fed. R. Civ. P. 17(a)(3) admittedly provides for substitution of parties where a

plaintiff has failed to prosecute an action against the real party in interest, such relief is

unavailable where "the determination of the right party to bring the action was not difficult and

when no excusable mistake has been made." *Van Sickle v. Fifth Third Bancorp.*, 2012 WL

3230430, at *3 (E.D. Mich. Aug. 6, 2012) (granting dismissal and declining to delay dismissal

under Fed. R. Civ. P. 17(a)(3)); *see also* Charles Alan Wright & Arthur R. Miller, 6A Fed. Prac.

& Proc. Civ. § 1555 (3d ed. 2018).

         Here, Defendants' counsel (i) knew for at least one year that the Funds, not Five Mile and

Smith, Graham, were buyers of two of the mortgage loans at issue in this action; and (ii)

expressly declined to substitute the correct party when informed of the error by defendants'

counsel.  (Robson Decl. Ex. 3.)  Where, as here, Plaintiffs' counsel refuse to substitute the

correct party and instead seek to waste this Court's time and resources with unnecessary motion

practice, there exists no excusable mistake.

         Because on this record there exists no basis upon which to permit substitution, such relief

under Fed. R. Civ. P. 17(a)(3) should be denied.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss the action pursuant to Rule 12(b)(6),

12(b)(2) and should deny substitution of parties under Rule 17(a)(3).

Dated: New York, New York
      April 9, 2019

                                Respectfully Submitted,

                                FARUKI PLL

                                By: */s/ Jeffrey T. Cox*
                                      Jeffrey T. Cox (0055420)
                                      Trial Attorney
                                      FARUKI PLL
                                      110 North Main Street, Suite 1600
                                      Dayton, OH
                                      Telephone: (937) 227-3704
                                        jcox@ficlaw.com

                                          -and-

                                  Patrick L. Robson*
                                  Jennifer L. Bloom*
                                  HUNTON ANDREWS KURTH LLP
                                  200 Park Avenue
                                  New York, NY 10166
                                  (212) 309-1000

                                *Attorneys for Defendants Smith, Graham & Co.*
                                *Investment Advisors, L.P. and Five Mile Capital*
                                *Partners LLC*

                                *\* To be admitted Pro Hac Vice*

HW_US:73438580.5

## CERTIFICATE OF SERVICE

I certify that on the 9th day of April, 2019, I electronically filed the foregoing

Motion to Dismiss and accompanying Memorandum in Support with the Clerk of Courts using

the CM/ECF system, which will send notification of such filing to the following CM/ECF

participants:

Christopher P. Finney (0038998)
Justin Walker (0080001)
Casey Taylor (0095966)
FINNEY LAW FIRM, LLC
4270 Ivy Point Blvd., Suite 225
Cincinnati, Ohio 45245
Telephone: (513) 943-6665
Facsimile: (513) 943-6669
*chris@finneylawfirm.com*
*justin@finneylawfirm.com*
*casey@finneylawfirm.com*


W.B. Markovits (0018514)
Terence R. Coates (0085579)
Zachary C. Schaengold (0090953)
Dylan J. Gould (0097954)
MARKOVITS, STOCK & DeMARCO, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209
Phone: (513) 651-3700
Fax: (513) 665-0219
*bmarkovits@msdlegal.com*
*tcoates@msdlegal.com*
*zschaengold@msdlegal.com*
*dgould@msdlegal.com*

*Counsel for Plaintiffs and Putative Class*

HW_US:73438580.5
088134.0000011 EMF_US 73438580v5

Bryan E. Pacheco
Alex M. Triantafilou
Richard D. Porotsky
DINSMORE & SHOHL, LLP
255 East Fifth Street, Suite 2100
Cincinnati, OH 45202
Bryan.pacheco@dinsmore.com
Alex.triantafilou@dinsmore.com
Richard.porotsky@dinsmore.com

*Attorneys for Defendants Build Realty, Inc.
and Edgar Construction, LLC*

Michael A. Galasso
ROBBINS KELLY PATTERSON & TUCKER - 1
The Federal Building
7 W. 7th Street
Suite 1400
Cincinnati, OH  45202
mgalasso@rkpt.com

*Attorneys for Defendant
First Title Agency, Inc.*

The following parties are being service via regular U.S. mail:

CINCY CONSTRUCTION, LLC
c/o Alex Rodger, Agent
Bingham Greenebaum Doll LLP
255 E. Fifth Street, Suite 2350
Cincinnati, Ohio 45202

MCGREGOR HOLDINGS, LLC
c/o Alex Rodger, Agent
Bingham Greenebaum Doll LLP
255 E. Fifth Street, Suite 2350
Cincinnati, Ohio 45202

COWTOWN HOLDINGS, LLC
c/o Alex Rodger, Agent
Bingham Greenebaum Doll LLP
255 E. Fifth Street, Suite 2350
Cincinnati, Ohio 45202

HW_US:73438580.5

GREENLEAF SUPPORT SERVICES, LLC
c/o Gary Bailey, Agent
9468 Towne Square Ave.
Blue Ash, Ohio 45252


BUILD SWO, LLC
c/o Alex Rodger, Agent
Bingham Greenebaum Doll LLP
255 E. Fifth Street, Suite 2350
Cincinnati, Ohio 45202


GARY BAILEY, as Trustee of the Bailey
Investment Trust
2716 Hyde Park Ave.
Cincinnati, Ohio 45241


GEORGE TRIANTAFILOU, as Trustee of the
Bailey Investment Trust
40 Muirfield Drive
Cincinnati, Ohio 45052


GARY BAILEY, as Beneficiary of the Bailey
Investment Trust
2716 Hyde Park Ave.
Cincinnati, Ohio 45241


GT FINANCIAL, LLC
c/o George Triantafilou, Agent
40 Muirfield Drive
Cincinnati, Ohio 45052


FIRST TITLE AGENCY, INC.
c/o Jodi McIver, Agent
1900 W. Stanfield Road
Troy, Ohio 45373

SERVE ALSO:
Dan Orner
11085 Montgomery Road, Suite 250

11

Cincinnati, Ohio 45249


GEORGE TRIANTAFILOU, Individually
40 Muirfield Drive
Cincinnati, Ohio 45052


GARY BAILEY, Individually
2716 Hyde Park Ave.
Cincinnati, Ohio 45241


STEPHEN D. KING, Individually
450 Glenmont Ct.
Sandy Springs, Georgia 30350


*/s/ Jeffrey T. Cox*
Jeffrey T. Cox

HW_US:73438580.5