# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| COMPOUND PROPERTY MANAGEMENT, LLC, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> BUILD REALTY, INC., *et al.* <br><br> Defendants. | Case No. 1:19-cv-133 <br><br> Judge Michael R. Barrett <br><br><br> **MOTION TO DISMISS** |

Now comes the Defendant, First Title Agency, Inc. ("First Title"), by and through counsel, pursuant to Fed. R. Civ. P. 12(b)(6), and moves the Court to dismiss the Complaint for failure to state a claim upon which relief may be granted.  As more fully explained in the accompanying Memorandum, Plaintiffs have failed to meet the requisite pleading standards to assert viable claims against First Title.

Respectfully submitted,

/s/ Michael A. Galasso
Michael A. Galasso (0072470)
Robbins, Kelly, Patterson & Tucker, LPA
7 West Seventh Street, Suite 1400
Cincinnati, Ohio  45202-2417
(513) 721-3330 | (513) 721-5001 fax
*mgalasso@rkpt.com*
**Attorney for Defendant**
**First Title Agency, Inc.**

03438906-1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon all registered ECF participants through the Court's electronic case filing system on April 23, 2019 to include:

| | |
|---|---|
| Christopher P Finney | Chris@FinneyLawFirm.com |
| Wilbert Benjamin Markovits | bmarkovits@msdlegal.com, |
| Jeffrey T. Cox | jcox@ficlaw.com |
| Richard D. Porotsky, Jr. | richard.porotsky@dinslaw.com |
| Bryan E. Pacheco | bryan.pacheco@dinsmore.com |
| Alexander M. Triantafilou | alex.triantafilou@dinslaw.com |
| Justin Charles Walker | justin@finneylawfirm.com |
| Terence Richard Coates | tcoates@msdlegal.com |
| Zachary C. Schaengold | zschaengold@msdlegal.com |
| Casey A. Taylor | casey@finneylawfirm.com |
| Jennifer L. Bloom | jbloom@huntonAK.com |
| Patrick L. Robson | probson@huntonAK.com |
| Dylan James Gould | dgould@msdlegal.com |

/s/ Michael A. Galasso
Michael A. Galasso

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| COMPOUND PROPERTY MANAGEMENT, LLC, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> BUILD REALTY, INC., *et al.* <br><br> Defendants. | Case No. 1:19-cv-133 <br><br> Judge Michael R. Barrett <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to Fed R. Civ. P. 12(b)(6), Defendant, First Title Agency, Inc. ("First Title"), files this Memorandum of Law in support of its Motion to Dismiss the Complaint.

## I.  INTRODUCTION AND BACKGROUND

First Title is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Hamilton County, Ohio. When First Title closes sales of real property, First Title is retained by the lender for the transaction. First Title is in privity of contract with only the lender in connection with the closing of the properties. First Title does not represent either the buyer or the seller with respect to the closing of the properties. In connection with the closings, First Title received closing instructions only from the lender. When First Title receives instructions from its customer, the lender, it follows said instructions and disburses funds from the sale accordingly. The majority of the claims in Plaintiffs' complaint are directed at other defendants. However, Plaintiffs attempt to include First Title in several claims without

making any factual allegations of alleged conduct by First Title. In the rare instances where First Title is specifically alleged to have acted, the allegations do not give rise to state a claim upon which relief may be granted.

## II. FACTUAL ALLEGATIONS

The Complaint alleges that First Title "substantiated" the fraudulent misrepresentations made by the lenders and sellers ("Build Defendants") and perpetuated the allegedly fraudulent scheme set up by the Build Defendants by making representations at the closings, receiving copies of earnest money checks that were allegedly photoshopped, accepted wire payments at the closings, and producing HUD-1 Settlement Statements at the closings. Plaintiffs allege that First Title profited by performing its duties as a closing agent when First Title knew or should have known that the Build Defendants were participating in a fraudulent scheme. Plaintiffs also allege that First Title was the only closing agent allowed to be used for the Build Defendants' real estate transactions. Plaintiffs allege that First Title included amounts in the HUD-1 Settlement Statement that it knew were misleading or inaccurate.

Plaintiffs assert causes of action for violations of the Federal RICO statute (18 U.S.C. 1961), violations of the Ohio Corrupt Practices Act (R.C. 2923.31), breach of fiduciary duty, civil conspiracy, unjust enrichment, and declaratory judgment. The claims for breach of fiduciary duty, unjust enrichment, and declaratory judgment do not include any allegations against First Title.

### III. MOTION TO DISMISS STANDARD

Fed. R. Civ. P. 12(b)(6) provides that a party may seek to have an action dismissed if the complaint fails to state a claim upon which relief may be granted. The court must accept all of the well-pleaded factual allegations as true in determining a motion to dismiss. *Bower v. Federal Express Corp.*, 96 F. 3d 200, 203 (6th Cir. 1996). However, this rule does not extend to legal conclusions or unwarranted factual inferences. *Severe Records, LLC v. Rich*, 658 F. 3d 571, 578 (6th Cir. 2011). Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 667–68 (2009). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012). While the moving party has the burden of proving that no claim exists and although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions. *In re Delorian Motor Co.*, 991 F. 2d 1236, 1240 (6th Cir. 1993).

Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). Moreover, a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Bell Atlantic v. Twombly*, 550 U.S. 544 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## IV. ARGUMENT

### a. Failure to state any claim against First Title.

Throughout their pleading, Plaintiffs attempt to lump all of the defendants together in a "shotgun" style complaint. *See Christopher Seri v. Crosscountry Mortg., Inc.*, No. 1:16-CV-01214-DAP, 2016 WL 5405257, at *4 (N.D. Ohio Sept. 28, 2016). Plaintiffs' failure to describe with any clarity how First Title could be liable for breach of fiduciary duty, unjust enrichment, or declaratory judgment renders these claims against First Title insufficient and subject to dismissal. *Id.*

"When considering, and ultimately dismissing, a different fraud claim alleged in this action, this Court reasoned that when a complaint involves multiple defendants, each defendant's role must be particularized with respect to their alleged involvement in the fraud." *Scatuorchio Racing Stable,* 941 F. Supp. 2d at 822, *citing GMAC Mortg., LLC v. McKeever*, No. 08-459-JBC, 2010 U.S. Dist. LEXIS 91118 at *8-9, Aug. 31, 2010 (E.D. Ky.). "Under *Iqbal* and *Twombly,* a plaintiff must do more than add a defendant to a claim for relief; factual allegations must support each claim, resulting in more than

03439073-5    4

mere conclusory allegations of blame. *Iqbal,* 129 S.Ct. at 1949; *Twombly,* 550 U.S. at 555." *Milner v. Biggs*, No. 2:10-CV-00904, 2011 WL 2293306, at *3 (S.D. Ohio June 8, 2011), *aff'd*, 522 F. App'x 287 (6th Cir. 2013).

Because Plaintiffs simply lumped First Title in these claims without making any factual allegations against First Title, Counts II, IV, V, VI, and VII fail to state a claim upon which relief may be granted and must be dismissed as to First Title.

### b. Duties of closing agent.

There is no allegation that First Title did anything other than follow the closing instructions it was provided by its customers, the lenders financing the subject transactions. As closing agent, First Title had a duty of ordinary care to disburse the funds according to the transaction documents. *Waffen v. Summers*, 6th Dist. Ohio Ct. App. No. OT-08-034, 2009-Ohio-2940, ¶ 42. While Plaintiffs are displeased with the instructions set forth in the transaction documents, there is no allegation that First Title breached its duty to follow said instructions.

> An escrow agent, despite fiduciary status, will not be liable when he or she acts in accordance with the escrow agreement or instructions. *Janca v. First Federal Sav. and Loan Ass'n of Cleveland* (1985), 21 Ohio App.3d 211, 486 N.E.2d 1216, paragraph two of the syllabus. Where, however, an escrow agent disburses funds held in escrow contrary to the escrow agreement or instructions, the escrow agent will be liable for the wrongful disbursement. *Spaulding v. Coulson* (1995), 104 Ohio App.3d 62, 661 N.E.2d 197; *Pippin v. Kern-Ward Bldg. Co.,* supra; *Calhoun v. McCullough* (Apr. 25, 1991), 8th Dist. No. 60271, citing *Union Trust v. Broadway House Wrecking Co.* (1931), 9 Ohio Law Abs. 318.

*Waffen v. Summers*, 6th Dist. Ohio Ct. App. No. OT-08-034, 2009-Ohio-2940, ¶ 34.

Additionally, because First Title was acting solely in its scope as closing agent, Plaintiffs' claims for conspiracy must fail. "A corporation cannot conspire with its duly recognized agents when they are acting within the scope of their agency." *Johnson v. U.S. Bancorp*, 476 F. App'x 148, 149 (9th Cir. 2012), citing *Corbit v. J.I. Case Co.,* 70 Wash.2d 522, 424 P.2d 290, 295 n. 3 (1967) and *Eyak River Packing Co. v. Huglen,* 143 Wash. 229, 255 P. 123, 126 (1927).

    c.    **Plaintiff's RICO claim fails.**

To state a RICO claim, Plaintiffs must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006), citing *Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 (1985). Plaintiffs basing a RICO claim upon predicate acts of fraud must plead fraud with the particularity required by Rule 9(b). *Perkins v. Rieser,* No. 3:07-cv-325, 2012 WL 2408736, at *3 (S.D. Ohio June 26, 2012).

"The failure of a plaintiff to plead any of the elements necessary to establish a RICO violation results in a defective complaint which cannot withstand a motion to dismiss based upon a failure to state a claim upon which relief can be granted." *Flanagan v. Eden*, 8th Dist. No. 85252, 2005-Ohio-3133, ¶ 11, citing *Universal Coach, Inc.,* 90 Ohio App.3d at 291, 629 N.E.2d 28.

> Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) is intended "(1) to alert defendants to the particulars of the allegations against them so they can intelligently respond; (2) to prevent 'fishing expeditions'; (3) to protect defendants' reputations against fraud allegations; and (4) to whittle down potentially wide-ranging discovery to only relevant matters." *Thompson v. Bank of America, N.A.,* No. 14-5561, 2014 WL 6844931, at *5 (6th Cir.

03439073-5

6

Dec. 5, 2014) (citing *Chesbrough v. VPA, P.C.,* 655 F.3d 461, 466–67 (6th Cir. 2011)). Thus, "to satisfy Rule 9(b), a plaintiff must (1) specify the time, place, and content of the alleged misrepresentation, (2) identify the fraudulent scheme and the fraudulent intent of the defendant, and (3) describe the injury resulting from the fraud." *Id.*

*Miller v. First Safety Bank*, No. 1:14-CV-368, 2014 WL 12586315, at *3 (S.D. Ohio Dec. 30, 2014).

Plaintiffs fail to satisfy the requirements of Rule 9(b). Plaintiffs have not pled with any specificity the intent of First Title, nor have they described any injury resulting from the alleged fraud. Plaintiffs have not specified in what way First Title made any material misrepresentations to Plaintiffs. If another party photoshopped a check on which First Title was made the payee, that is not a misrepresentation made by First Title. If First Title followed the instructions given to it at closing, that is not a misrepresentation made by First Title.

Most significantly, Plaintiffs have not specified any injury or damages they suffered as a result of the alleged fraudulent scheme.

> A RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *see Hecht,* 897 F.2d at 23. Furthermore, as a general rule, a cause of action does not accrue under RICO until the amount of damages becomes clear and definite.

*First Nationwide Bank v. Gelt Funding Corp.,* 27 F.3d 763, 768 (2d Cir. 1994).

Plaintiffs allege that First Title "makes affirmative, knowing and material misrepresentations that advance the Build Scheme and Trust Transactions in order to close the transactions," but fail to set forth what those alleged misrepresentations are. *Complaint*, ¶ 43. Generally averring misrepresentations is not sufficient to plead a claim

under Rule 9(b). Plaintiffs are lumping together First Title with the other named defendants without specifying any representations made by First Title upon which Plaintiffs relied and were injured by.

> The district court did not err in its alternative ground for dismissing Count One pursuant to Rule 9(b), that plaintiffs had not alleged with specificity who had made particular misrepresentations and when they were made but rather plaintiffs had articulated general averments of fraud attributed to "the defendants." The complaint identifies relationships between various of the defendants but it alleges misrepresentations without sufficiently identifying which defendants made them. The complaint does not enable a particular defendant to determine with what it is charged.

*Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).

Plaintiffs allege that First Title profited simply because it received business from the lenders in order to perform its role as closing agent. Plaintiffs do not allege how First Title's actions caused Plaintiffs any damages, nor do Plaintiffs allege how First Title intentionally deceived them.

> This court has held that the scheme to defraud must involve:

> *[I]ntentional* fraud, consisting in deception *intentionally* practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. *[A scheme to defraud] requires intent to deceive or defraud.* [Emphasis supplied.] *Epstein v. United States,* 174 F.2d 754, 765 (6th Cir.1949). *See also Schilling,* 561 F.2d at 662. This court has also held that the scheme to defraud must involve "misrepresentations or omissions reasonably calculated to deceive persons of ordinary prudence and comprehension." *United States v. Van Dyke,* 605 F.2d 220, 225 (6th Cir.), *cert. denied,* 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979).

> Count III of the plaintiffs' complaint is deficient in several respects. First, the complaint does not allege that Southland acted with intent to defraud. *See Epstein, supra.* Although intent is a state of mind that may be averred generally, FRCP 9(b), it must be alleged. Second, the plaintiffs' complaint does not allege what misrepresentations (or omissions) of material fact Southland made to the plaintiffs that they reasonably relied

> upon to their detriment. *See Van Dyke, supra.* Hence, the plaintiffs have inadequately alleged the requisite elements of mail fraud.
>
> Moreover, FRCP 9(b) requires that fraud be pleaded with particularity. To satisfy FRCP 9(b), a plaintiff must at minimum allege the time, place and contents of the misrepresentation(s) upon which he relied. *McGinty v. Beranger Volkswagen, Inc.,* 633 F.2d 226, 228 (1st Cir.1980); *Bosse v. Crowell Collier and Macmillan,* 565 F.2d 602, 611 (9th Cir.1977); *Windsor Associates, Inc. v. Greenfeld,* 564 F.Supp. 273, 280 (D.Md.1983). The complaint at best alleges that Southland breached the franchise agreement in charging the plaintiffs certain expenses and royalties and in not crediting certain allowances to the plaintiffs' accounts. Since the plaintiffs' RICO allegations are inadequate, that count was properly dismissed

*Bender v. Southland Corp.*, 749 F.2d 1205, 1215–16 (6th Cir. 1984).

Because there are no specific allegations of reliance or injury related to First Title, Plaintiffs' RICO claim fails.

Additionally, Plaintiffs fail to establish that First Title and the Build Defendants formed an enterprise as required to support a claim under RICO. First Title was hired to perform services as a closing agent by the lenders who financed the Build transactions. This business relationship does not constitute an enterprise.

> An association based upon a business relationship does not constitute an enterprise under § 1962(c) as the enterprise must have an existence apart from its predicate acts in order to establish that the enterprise functioned as a continuing unit. *Id.* at 230. *See also, Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675–676 (7th Cir.2000) (dismissing RICO claim for failing adequately to allege existence of an enterprise noting that such an enterprise must be more than a group of persons who engage in a pattern of racketeering); *FRC Intern'l, Inc. v. Taifun Feuerloschgeratebau und Vertriebs GmbH,* Case No. 3:01 CV 7533, 2002 WL 31086104 *14 (N.D.Ohio 2002) (dismissing RICO claim wherein it was alleged that two particular parties associated for nothing other than an action to commit fraud, which was deemed insufficient to constitute an enterprise).
>
> Considering the requirements necessary to establish the existence of an enterprise, viewing the second amended complaint in its entirety, the allegations contained therein point to nothing more than a business

> relationship between Union and Capwill and his associates. Even assuming improprieties on behalf of Union and Capwill, "simply conspiring to commit a fraud is not enough to trigger the Act if the parties are not organized in a fashion that would enable them to function as a racketeering organization for other purposes." *VanDenBroeck v. CommonPoint Mortgage Co.,* 210 F.3d at 699. Because the RICO claims as against Union fail to establish the requisite structure necessary to establish an enterprise, the RICO claims are not viable. In sum, the failure to allege the management or operation of the enterprise, as well as the lack of a viable enterprise, warrant dismissal of the pending RICO claims.

*Javitch v. Capwill*, 284 F. Supp. 2d 848, 857–58 (N.D. Ohio 2003).

It will not suffice that a defendant corporation, through its agents or employees, committed the predicate acts in the conduct of its own business. *See Whelan v. Winchester Prod. Co.,* 319 F.3d 225, 229 (5th Cir.2003).

> Rather, an enterprise requires the existence of an independent organization that features a decision-making framework within which constituent parts operate to further the organization's goals. *See United States v. Pelullo,* 964 F.2d 193, 211 (3d Cir.1992) (holding that RICO claims require proof "(1) that the enterprise is an ongoing organization with some sort of framework for making or carrying out decisions; (2) that the various associates function as a continuing unit; and (3) that the enterprise be separate and apart from the pattern of activity in which it engages"). Proof of the predicate acts may corroborate the existence of a RICO enterprise, but the plaintiff must nevertheless demonstrate the existence *482 of an enterprise distinct from the acts. *Console,* 13 F.3d at 650 (citing *United States v. Turkette,* 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981)).

*Lester v. Percudani*, 556 F. Supp. 2d 473, 481–82 (M.D. Pa. 2008).

There is no allegation that First Title directed or influenced any of the alleged predicate acts. First Title's conduct was simply performing its ordinary business functions as closing agent for the loans once it was hired by the lenders—not Build—to do so. Even if there was an enterprise, which there was not, First Title had no part in conducting the enterprise's affairs.

> Under this "operation or management test," the conduct requirement is satisfied where a person has "some part" in directing the RICO "*enterprise's* affairs." *Id.* at 179, 185. Therefore, while neither a formal relationship nor primary responsibility is required, "outsiders" who merely conduct their own affairs cannot be liable under § 1962(c). *Id.* at 179, 185. Applying this reasoning, the *Reves* court concluded the firm's failure to inform the co-op did not rise to the participation necessary to satisfy the conduct requirement. *Id.* at 186.

*Rudawsky v. Borror*, No. 2:06CV144, 2008 WL 11351281, at *2 (S.D. Ohio Sept. 30, 2008).

As to First Title, there is no allegation other than that it conducted its ordinary business with the Build defendants. There is no allegation of any intent or purpose on behalf of First Title to maliciously harm the Plaintiffs.

> However, as the court held in *Herakovic v. Catholic Diocese of Cleveland,* 8th Dist. No. 85467, 2005-Ohio-5985, at ¶ 27, Plaintiffs' failure to allege "that the association in fact had a shared purpose, continuity, unity, an identifiable structure and some goals separate from the predicate acts themselves," is fatal to their claim. In *Javitch v. Capwill,* 284 F.Supp.2d 848, 857 (N.D.Ohio 2003), the court held that the complaint must allege more than just a business relationship in order to constitute an "enterprise" and trigger RICO liability.
>
> Even construing the complaint in the light most favorable to the Plaintiffs and accepting all well-pleaded allegations in the complaint as true, Plaintiffs have failed to adequately plead the existence of an "enterprise."

*Cooke v. AT&T Corp.*, No. 05-CV-374, 2007 WL 912222, at *4 (S.D. Ohio Mar. 23, 2007).

Plaintiff alleges predicate acts in addition to fraud. These allegations also fail to state a claim upon which relief may be granted.

Plaintiffs allege that First Title's preparation of and compliance with the HUD-1 Settlement Statements at closing constitutes money laundering. But, there is no

allegation other than that First Title followed the instructions sent to it by the lender. "The act of transacting money alone does not amount to money laundering." *State v. Pugh*, 9th Dist. No. 24905, 2010-Ohio-2741, ¶ 13. "A violation of § 1315.55(A)(1) 'requires that an individual conduct a transaction knowing that the property involved are proceeds from some other unlawful activity.'" *Bradley v. Miller*, 96 F. Supp. 3d 753, 775 (S.D. Ohio 2015), quoting *State v. Clayton,* No. 22937, 2009 WL 5247521, at *10 (Ohio App. Dec. 30, 2009).

Plaintiffs' allegations of tampering and forgery stem from copies of checks allegedly photoshopped by Gary Bailey and/or Build, in which First Title was the named payee. There is no allegation that First Title photoshopped these checks, or attempted to disburse these checks as proceeds of any sale. In fact, Plaintiffs fail to allege any conduct by First Title regarding these predicate acts. *Complaint*, ¶¶ 172-173.

Other than their conclusory speculations, Plaintiffs do not allege that any predicate acts undertaken by First Title caused them injury. "[A] RICO plaintiff who can show a direct injury may still lose the case if the injury does not satisfy other traditional requirements of proximate cause—that the wrongful conduct be a substantial and foreseeable cause and that the connection be logical and not speculative." *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 615 (6th Cir. 2004). First Title's involvement as title agent at closings did not proximately cause Plaintiffs any injury.

Because Plaintiffs cannot establish an enterprise, fail to state any injury proximately caused by First Title, and fail to allege any conduct by First Title other than its actions as closing agent in its ordinary course of business, Plaintiffs' RICO claim fails.

### d. Plaintiffs' Civil Conspiracy claim fails.

> "The elements of civil conspiracy are (1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself." Urbanek v. All State Home Mtg. Co., 178 Ohio App.3d 493, ¶ 19, 898 N.E.2d 1015 (Ohio Ct.App. 8th Dist., 2008). See also Kenty v. TransAmerica Premium Ins. Co., 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995). With regard to Arrow specifically, Plaintiffs state only as follows: "Based on information and belief, Defendants [Angela] Shanks, Brenda DePugh[and] Arrow ... are working together and steering customers to Defendants' benefit." (Complaint, ¶ 112.) Plaintiffs fail to allege any facts in support of any of the elements of the claim.

*Milner v. Biggs*, No. 2:10-CV-00904, 2011 WL 2293306, at *3 (S.D. Ohio June 8, 2011), *aff'd*, 522 F. App'x 287 (6th Cir. 2013).

Here, Plaintiffs generally allege that the Build Defendants had an exclusive arrangement with First Title to close all of the Build loans. But, there are no facts alleged to support this conclusory allegation. "While the moving party has the burden of proving that no claim exists and although a complaint is to be liberally construed, it is still necessary that the complaint contain more than bare assertions or legal conclusions." *In re Delorian Motor Co.*, 991 F. 2d 1236, 1240 (6th Cir. 1993).

"The tort of civil conspiracy is a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Williams v. Aetna Fin. Co.,* 83 Ohio St.3d 464, 700 N.E.2d 859, 868 (1998). "An underlying unlawful act is required before a civil conspiracy claim can succeed." *Id.*

> To prove a civil conspiracy under § 1983, the plaintiff must show there was "an agreement between two or more persons to injure another by unlawful action." *Bazzi v. City of Dearborn,* 658 F.3d 598, 602 (6th Cir.2011) (quoting *Revis v. Meldrum,* 489 F.3d 273, 290 (6th Cir.2007)). To prevail

> on a civil conspiracy claim, a plaintiff must show that (1) a "single plan existed," (2) the defendants "shared in the general conspiratorial objective" to deprive the plaintiff of his constitutional or federal statutory rights, and (3) "an overt act was committed in furtherance of the conspiracy that caused injury" to the plaintiff. *Id.* (citing *Hooks v. Hooks,* 771 F.2d 935, 944 (6th Cir.1985))...."[C]onspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Center for Bio–Ethical Reform, Inc. v. City of Springboro,* 477 F.3d 807, 832 (6th Cir.2007) (citing *Gutierrez v. Lynch,* 826 F.2d 1534, 1538–39 (6th Cir.1987)).

*Neterkeht v. Longworth,* No. 1:12-CV-695, 2013 WL 3776579, at *4 (S.D. Ohio July 17, 2013), *report and recommendation adopted,* No. 1:12CV695, 2013 WL 4080727 (S.D. Ohio Aug. 13, 2013).

Plaintiffs have not alleged any facts in support of their conclusory assertion that First Title acted maliciously to harm Plaintiffs, nor have they pled any operative facts to illustrate how First Title's conduct injured Plaintiffs. By performing its duties as closing agent, First Title did not act with malice, and Plaintiffs cannot support a claim of civil conspiracy. "The malice required is 'that state of mind under which a person does a wrongful act purposely, without a reasonable or a lawful excuse, to the injury of another.'" *Aetna Casualty and Surety Co. v. Leahey Const. Co.*, 219 F. 3d 519, 534 (6th Cir. 2000), quoting *Jedson Eng'g, Inc. v. Sprit Const. Servs., Inc.*, 720 F. Supp. 2d 904, 927 (S.D. Ohio 2010).

> Plaintiffs fail to set forth factual allegations to plausibly suggest the existence of any conspiracy. They do not allege a single plan, nor do they include facts that demonstrate each of the named Defendants shared in a single objective or committed an overt act in furtherance of the conspiracy. The claim is stated solely as a legal conclusion which is not sufficient to state a civil conspiracy claim.

*Darling v. Lake Cty. Bd. of Comm'rs*, No. 1:12 CV 194, 2012 WL 1902602, at *20 (N.D. Ohio May 25, 2012).

Plaintiffs' conclusory allegations are insufficient and their claims must be dismissed.

### e. Plaintiffs' OCPA claim fails.

R.C. 2923.31(C) defines an enterprise as including:

> any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity. 'Enterprise' includes illicit as well as licit enterprises.

*United States v. Turkette* defined an "association in fact" enterprise as an ongoing organization, formal or informal, whose members function as a continuing unit that is separate from the pattern of corrupt activity in which it engages. 452 U.S. 576, 583, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). "Accordingly, we conclude in order for the appellants in this case to have sufficiently pled an enterprise, they must plead structure, continuity, and separate existence from the corrupt pattern." *Herakovic v. Catholic Diocese of Cleveland*, 2005-Ohio-5985, ¶ 24.

Here, Plaintiffs do not allege that First Title and the Build Defendants operated as a continuing unit separate from the alleged pattern of corrupt activity. Plaintiffs have not alleged any relationship between First Title and the Build Defendants other than First Title's business relationship with the lenders who financed the subject loan transactions.

> Plaintiffs can only meet their "burden by presenting evidence that the defendant agreed that others would commit the acts that would establish the 'pattern of corrupt activity.'" *Feliciano,* 685 N.E.2d at 1316. This

> requires proof that a defendant "knowingly cooperated in a common plan" to engage in a pattern of corrupt activity. *In re Nat'l Century Fin. Enterprises,* 604 F.Supp.2d at 1159.

*Bradley v. Miller*, 96 F. Supp. 3d 753, 773 (S.D. Ohio 2015).

Again, there is no allegation, other than Plaintiffs' conclusory assumptions, which would establish that First Title knew of or cooperated in a pattern of corrupt activity. First Title had a duty of ordinary care to disburse the funds according to the transaction documents. *Waffen v. Summers*, 6th Dist. Ohio Ct. App. No. OT-08-034, 2009-Ohio-2940, ¶ 42. There is no allegation that First Title breached its duty.

Most importantly, there is not a single allegation in the Complaint that Plaintiffs were damaged directly or proximately by First Title's actions. Plaintiffs applied for financing in order to invest in real property. First Title was retained by the lenders to serve as closing agent for these transactions. Plaintiffs fail to articulate how First Title's services as closing agent on these nonrecourse loans caused them injury, directly or indirectly.

"In addition to establishing a violation or conspiracy to violate any or all of the subsections of § 2923.32(A), a plaintiff in a civil OCPA action must prove he or she was injured, directly or indirectly, by the OCPA violation and the injuries were proximately caused by that violation." *Bradley v. Miller*, 96 F. Supp. 3d 753, 774 (S.D. Ohio 2015).

Because Plaintiffs have not sufficiently alleged that First Title was part of an enterprise, or that they were injured by First Title's actions, Plaintiffs fail to state an OCPA claim against First Title.

## V. CONCLUSION

Based upon the forgoing, Plaintiffs fail to state a claim against First Title upon which relief may be granted. The majority of Plaintiffs' claims do not contain any allegations against First Title and simply attempt to lump First Title in with other named Defendants. As to the claims that do include First Title, Plaintiffs make conclusory allegations regarding First Title's knowledge, intent, and purpose. Plaintiffs fail to sufficiently plead that First Title was part of an associated in fact enterprise. Plaintiffs fail to sufficiently plead that they suffered any injury, directly or indirectly, from First Title's actions. Plaintiffs' claims against First Title are without merit and must be dismissed.

Respectfully submitted,

/s/ Michael A. Galasso
Michael A. Galasso (0072470)
Robbins, Kelly, Patterson & Tucker, LPA
7 West Seventh Street, Suite 1400
Cincinnati, Ohio 45202-2417
(513) 721-3330 | (513) 721-5001 fax
*mgalasso@rkpt.com*
**Attorney for Defendant**
**First Title Agency, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon all registered ECF participants through the Court's electronic case filing system on April 23, 2019 to include:

| | |
|---|---|
| Christopher P Finney | Chris@FinneyLawFirm.com |
| Wilbert Benjamin Markovits | bmarkovits@msdlegal.com, |
| Jeffrey T. Cox | jcox@ficlaw.com |
| Richard D. Porotsky, Jr. | richard.porotsky@dinslaw.com |
| Bryan E. Pacheco | bryan.pacheco@dinsmore.com |
| Alexander M. Triantafilou | alex.triantafilou@dinslaw.com |
| Justin Charles Walker | justin@finneylawfirm.com |
| Terence Richard Coates | tcoates@msdlegal.com |
| Zachary C. Schaengold | zschaengold@msdlegal.com |
| Casey A. Taylor | casey@finneylawfirm.com |
| Jennifer L. Bloom | jbloom@huntonAK.com |
| Patrick L. Robson | probson@huntonAK.com |
| Dylan James Gould | dgould@msdlegal.com |

/s/ Michael A. Galasso  
Michael A. Galasso