# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**COMPOUND PROPERTY**
**MANAGEMENT, LLC,** *et al.***,**

    **Plaintiffs,**

v.

**BUILD REALTY, INC.,** *et al.***,**

    **Defendants.**

Case No. 1:19-cv-133
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on (i) Defendant Build Realty, Inc.'s ("Build") Objection (ECF No. 109) to the Magistrate Judge's December 6, 2019 Order (ECF No. 104) regarding discovery issues relating to various PNC Bank records, and (ii) the parties' joint report of a discovery dispute relating to Zoom.com audio recordings of Build management meetings (ECF No. 114). For the reasons discussed more fully below, the Court **ORDERS** the following:

1) Build shall produce the requested Zoom Audio conference records.

2) As more fully set forth in Magistrate Judge Litkovitz's December 6, 2019 Order (ECF No. 104), Plaintiffs shall be entitled to banks records from PNC Bank relating to the escrow accounts of the Build Defendants[1] as follows:

    a.) Plaintiffs shall specify two months from each calendar year starting with 2013 through 2019 (*i.e.*, two months in 2013, two months in 2014, etc.); and

    b.) the discovery requests to PNC Bank shall be limited to the requested records relating to the escrow account for the specified months. (*See id.*).

---

[1] Magistrate Judge Litkovitz's December 6, 2019 Order defines the Build Defendants as "Build Realty, Inc. d/b/a Greenleaf Funding (Build) and its related entities and individuals. . . ." (Dec. 6, 2019 Order at 1 [ECF No. 104]). The Court adopts this description, and thus refers to these entities collectively as the "Build Defendants."

**A. Zoom Audio Tapes.**

Based on their respective filings, as well as the discussion that occurred at the Discovery Conference on January 9, 2020, the parties appear to agree that officers and employees of the Build Defendants, potentially along with others, would conduct business meetings from time to time using Zoom Video Communications' teleconferencing services, and that recorded audio (and perhaps video) of those business meetings is still available in electronic form. In discovery, Plaintiffs seek production of those recordings. The Build Defendants, however, assert that the electronic records have marginal relevance, if any, to the claim on which discovery is currently moving forward, *i.e.*, Plaintiffs' breach of fiduciary duty claim. Moreover, the Build Defendants contend that Plaintiffs' burden to produce such private information is significant. As to the latter, the Build Defendants argue that Jonathan Peak, who maintains the recordings (and also participated in the meetings), is an attorney, and has served as an attorney for the Build Defendants from time to time (although he has also provided services to those entities as a non-attorney). Thus, Peak indicates that he must review the recordings for attorney-client information before providing them in discovery. Peak estimates that the necessary review process will cost approximately $18,750. Arguing that producing the audio records is inappropriate, Build directs the Court's attention to this cost and asserts that its attorneys in this litigation would need to review and analyze the recordings, as well, resulting in additional fees. According to the Build Defendants, these expenses render the burden of production disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). In the alternative, the Build Defendants ask the Court to require Plaintiffs to pay the roughly $18,750 in review expenses cited above.

When the parties presented this issue to Magistrate Judge Litkovitz, she concluded that the Zoom records could be relevant to at least the breach of fiduciary duty claims, but then inquired

regarding the magnitude of the burden associated with assembling those materials. In response to that inquiry, Build developed the cost estimate set forth above.

With regard to that cost estimate, Plaintiffs argued at the Discovery Conference that there is no need for Build to incur those costs for two reasons: (1) Peak was not acting as an attorney when he participated in the meetings, so there is no need to review for attorney-client privilege; and (2) in any event, the parties' Stipulated Protective Order (*see* ECF No. 80) provides a procedure by which privileged material can be "clawed-back" to the extent that such material is discovered after production. (*See id*. at ¶¶ 10, 16). Accordingly, Plaintiffs ask the Court to require the Build Defendants to produce the Zoom recordings at their own cost.

The Court agrees with Magistrate Judge Litkovitz that the Zoom recordings could be relevant to one or more of Plaintiffs' claims in this matter, including the breach of fiduciary duty claim, under the allegations set forth in the Complaint. Plaintiffs assert that all of the Build entities are operated as alter egos of one another, and that the Build entities that are named as trustees in the trusts in which Plaintiffs were beneficiaries routinely violated their fiduciary duties to Plaintiffs as beneficiaries. Discussion among the Build officers and executives regarding how they have been managing the company could presumably shed substantial light on the relationships between those entities (thus providing relevant information regarding whether they are, in fact, alter egos of one another), as well as offer information regarding how the entities operate (which could be directly relevant to the breach of fiduciary issues). The Court further finds that, given the number of potential plaintiffs, the nature of the allegations, and the complex nature of this suit, the potential expenses for producing these records do not render the discovery disproportionate to the needs of the case, as that term is used in Fed. R. Civ. P. 26. This is particularly true in that, as noted above, production of the recordings would not act as a waiver of the attorney-client privilege given the

claw-back procedure in the Protective Order that the Court has entered in this case. (*See* Stip. Prot. Ord. at ¶¶ 10, 16 [ECF No. 80]). Accordingly, the Court **ORDERS** the Build Defendants to produce, at their own expense, the Zoom recordings that Plaintiffs have requested.

**B. PNC Bank Records.**

PNC Bank provided banking services to the various Build entities, which included maintaining the escrow accounts that Build used to escrow rehab funds that were supposed to be paid to Plaintiffs as they completed various rehab activities on the properties as to which they were trust beneficiaries. In their Complaint, Plaintiffs contend that one of the ways in which the Build Defendants violated their fiduciary duties was by reporting to Plaintiffs that the escrow accounts had been funded (thereby causing Plaintiffs to start accruing interest), when in fact that was not the case. Plaintiffs similarly contend that the Build Defendants would freely move funds into and out of the escrow accounts to pay their own bills, treating the money as their own, when in fact they held it as trustees for Plaintiffs. Based on these allegations, Plaintiffs contend that the escrow account records, and in particular details regarding the transfers of funds in and out of the escrow accounts (such as the dates, amounts, and recipients or senders of those transfers), are relevant to their claims.

In response, the Build Defendants again suggest that producing the requested bank records would impose an undue burden on them, thereby rendering this discovery disproportionate to the needs of the case.

At an earlier discovery conference, Magistrate Judge Litkovitz concluded that the bank records may be relevant to Plaintiffs' claims but also found credence in the Build Defendants' position on proportionality. Balancing these competing considerations, she adopted a phased approach to provide some relevant information to Plaintiffs and also ameliorate the Build

4

Defendants' burden concerns. In particular, Magistrate Judge Litkovitz directed Plaintiffs to identify two months for each calendar year starting with 2013, and then ordered that the production of bank records would be limited to the escrow account records for the identified months. (December 6, 2019 Order at 1–2 [ECF No. 106]). After reviewing that sample of the bank records, the parties and the Court could then determine whether further discovery was warranted.

The Build Defendants objected to Magistrate Judge Litkovitz's Order on this issue (ECF No. 109), and the matter is now before the Court. The Court begins by noting that the burden issue is somewhat of an odd point for the Build Defendants to press, as any potential burden of production seems to fall on PNC Bank, not the Build Defendants. Notably, the bank has not objected. When asked about that issue at the Discovery Conference, Build's counsel responded that they, along with client representatives, would need to incur time and expense reviewing the records, and that the records would undoubtedly lead to further requests for additional records in an effort to "trace the funds."

As to the former concern, it is an unfortunate consequence of litigation that parties often incur time and expense in reviewing, analyzing, and, where necessary, explaining potentially relevant documents. And as for the latter concern, the Court is sympathetic to the potential for discovery to lead to more (sometimes unwarranted) discovery, but believes that it will be able to address "multiplication of discovery" issues through careful monitoring of any additional requests for discovery, especially in light of representations that Plaintiffs' counsel made at the Discovery Conference that, beyond the Zoom audio recordings and the PNC Bank records, Plaintiffs did not intend to seek many, if any, additional documents.

Thus, the Court concludes that, far from being clearly erroneous or contrary to law, or an abuse of discretion, Magistrate Judge Litkovitz's phased-discovery approach is reasonable, and

5

does not impose a discovery burden that is disproportionate to the needs of the case, particularly in that the discovery at issue is principally related to a claim as to which the Build Defendants have not sought dismissal. Accordingly, the Court **OVERRULES** the Build Defendants' Objection (ECF No. 109) to the Magistrate's Report relating to the PNC Bank records.

**C. Conclusion.**

Accordingly, as set forth above, the Court **ORDERS** that the Build Defendants produce the Zoom audio recordings. The Court further **ORDERS** that Plaintiffs identify two months for each calendar year beginning with 2013, and that the requests for financial records from PNC Bank will be limited, at least for the time being, to the identified months, but finds that, as so limited, the discovery requests are reasonable.

**SO ORDERED.**

January 14, 2020
**DATE**                                                    **DOUGLAS R. COLE**
                                                            **UNITED STATES DISTRICT JUDGE**