## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

COMPOUND PROPERTY
MANAGEMENT LLC, *on behalf of
itself and all others similarly
situated,*

          **Plaintiffs,**

    v.

BUILD REALTY, INC., *d/b/a,*
GREENLEAF FUNDING, *et al.,*

          **Defendants.**

Case No. 1:19-cv-133
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendants' Motion to Stay Pending Rule 23(f) Appeal (Doc. 225). For the reasons explained below, the Court **DENIES** Defendants' Motion.

The facts and allegations underlying this case have been thoroughly detailed elsewhere, including this Court's most recent Opinion and Order ("Opinion"). (*See* Doc. 223, #10480–93). There, the Court granted Plaintiffs' Motion to Certify as to their civil RICO and breach of fiduciary duties claims, appointed the named Plaintiffs as class representatives, and appointed Finney Law Firm, LLC, and Markovits, Stock & DeMarco, LLC, as class counsel. (*Id.* at #10480).

Following that Opinion, Defendants petitioned the United States Court of Appeals for the Sixth Circuit for permission to file an interlocutory appeal under Federal Rule of Civil Procedure 23(f). Defendants then moved in this Court to stay

these proceedings while the Sixth Circuit considers their petition and potential appeal. (Doc. 225). Plaintiffs opposed that motion (Doc. 226), and Defendants have now replied (Doc. 228).

Federal Rule of Civil Procedure 23(f) permits a district court to stay proceedings while the circuit court considers an interlocutory appeal of an order granting or denying a motion to certify a class. In evaluating such a motion, the Court considers: "(1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002); *Willis v. Big Lots, Inc.*, No. 2:12-cv-604, 2017 WL 11634939, at *1 (S.D. Ohio Sept. 19, 2017). The factors are flexible and balanced against one another. *Griffiths v. Ohio Farmers Ins. Co.*, 1:09-cv-1011, 2010 WL 2774446, at *1 (N.D. Ohio July 12, 2010). The greater the likelihood of success on the merits, the less the potential irreparable harm need be to warrant a stay—and vice versa. *See Baker*, 310 F.3d at 928; *Lyngaas v. Curaden AG*, No. 17-cv-10910, 2019 WL 2635966, at *1 (E.D. Mich. June 27, 2019). The burden of demonstrating the need for a stay rests upon the party seeking relief. *Lyngaas*, 2019 WL 2635966, at *1.

Start with the likelihood of success on the merits. For this prong, Defendants need two showings. *See In re Polyurethane Foam Antitrust Litig.*, No. 1:10-md-2196, 2014 WL 12591692, at *1 (N.D. Ohio May 16, 2014). First, they must show that the

Sixth Circuit will grant their Rule 26(f) petition and hear their appeal. *Id*. Relevant to that determination, the Circuit "eschew[s] any hard-and-fast test in favor of a broad discretion to evaluate relevant factors." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002). That said, the Circuit has warned "Rule 23(f) appeals [are] the exception, not the norm." *Id*. at 960. Second, Defendants must show that the Sixth Circuit will ultimately rule in their favor. *In re Polyurethane*, 2014 WL 12591692, at *1.

The Court begins by summarizing Defendants' positions. To show the Sixth Circuit will permit an appeal, Defendants argue their appeal presents an important and unsettled issue of law. (Doc. 225, #10551). Namely, they question the Court's finding that issues arising from class counsel's potential personal conflict of interest more properly fall under Rule 23(g) rather than Rule 23(a)(4). (Doc. 223, # 10520–21). Instead, Defendants contend class counsel Chris Finney's (alleged) conflict undermined the class representative's adequacy and should have precluded class certification under Rule 23(a)(4). (*Id*.). Next, Defendants claim they are likely to prevail on the merits in two ways. (*Id*.). First, they claim that factual differences between the class members' investment experiences defeat commonality and predominance. (*Id*. at #10550). Second, they assert the Court improperly concluded an "inference of causation" can be drawn in support of Plaintiffs' civil RICO claim. (*Id*. at #10550–51).

Defendants have not met their burden for either showing within the first prong. To start, the Court doubts the debate between Rule 23(a)(4) and Rule 23(g)

3

warrants an interlocutory appeal here. In its Opinion, the Court concluded that "as a textual matter, … concerns [about class counsel's conflicts of interest] appear to sound in Rule 23(g), rather than Rule 23(a)." (Doc. 223, #10520). But that conclusion had no bearing on the Court's decision to certify. After stating that view, the Court presumed the alternative—i.e., that counsel's personal conflict can preclude certification under Rule 23(a)(4)—before holding Finney's potential conflict was still insufficient to do so. (*Id.* at #10520–21). Thus, even if the Sixth Circuit agreed with Defendants' interpretation of Rule 23, the Court has already considered and rejected their argument under that interpretation.

In their Reply, Defendants attempt to recharacterize the Court's holding. (Doc. 228, #10649). They claim the Court found Finney's conflict did not disqualify *him* yet failed to consider whether his conflict could still render named Plaintiffs inadequate. (*Id.*). Not so. True, the Court found Finney "does not suffer a personal conflict that would preclude him from serving as class counsel." (Doc. 223, #10521). But the Court also considered Finney's potential impact on named Plaintiffs' adequacy. In particular, the Court concluded that "because Finney may serve as counsel, Defendants' derivative arguments questioning the judgment of … plaintiffs for associating with Finney also fall flat." (*Id.*). In other words, if Finney did not have a conflict that precluded service, then that conflict could not render Plaintiffs inadequate. In sum, no matter how characterized, Defendants' arguments on this issue still reach the same dead end.

And even assuming the Sixth Circuit permits an appeal, Defendants

separately must show a strong likelihood they will prevail. Of course, the Court concedes that its class-certification decision may be wrong, and that the Sixth Circuit—as in any case—may reverse. But, in their motion for stay, Defendants have failed to establish a "strong or substantial likelihood" that will happen here. *Baker*, 310 F.3d at 928. To start, Defendants take issue with how the Court characterized the dispute. They complain the Court's Opinion did not cite their "***twenty-six*** investor declarations" describing differences in investor experiences, which they believe defeated commonality and predominance.[1] (Doc. 225, #10550 (emphasis original)). But the Court found commonality and predominance met because Plaintiffs' core allegations concerned the "legality of [Defendants'] business practices and the legal meanings of certain agreements." (Doc. 223, #10527). The disagreement, then, is one of fact—do the differences in investor experiences outlined in the affidavits outweigh the similarities in the deal structure offered to each? The Defendants believe they do; the Court believes they do not. Fair enough. But such balancing is a matter committed to the Court's discretion. *In re Delta*, 310 F.3d at 960 ("[A] class certification decision which 'turns on case-specific matters of fact and district court discretion,' … generally will not be appropriate for interlocutory review." (citing Fed. R. Civ. P. 23 (advisory committee notes))). Defendants' challenge to the Court's exercise of that discretion fails to establish a strong likelihood of success.

---

[1] The Court assures Defendants it both read and considered these declarations. Its decision to not cite these documents in its 65-page Opinion comes not from ignorance (or laziness) but rather because the Court disagreed with Defendants' framing of the case.

Defendants' causation argument, by contrast, admittedly raises an issue of law. They contend their petition "raises a serious question regarding causation; where, as here, class members have a variety of reasons for entering into the transaction with defendant, an inference of causation is improper and class certification should be denied." (Doc. 225, #10551). The Court's Opinion thoroughly analyzed causation, including Defendants' argument that the class members' varying reasons for entering the transaction precluded a class-wide inference of causation. (In particular, Defendants had argued that these differences would require mini-trials on causation. (Doc. 183, #7630–31)). The Court nonetheless concluded the element could be adequately proven (or disproven) class wide. (Doc. 223, #10527–32). Defendants' Motion to Stay fails to put forth any new argument, beyond those that the Court has already considered, as to why that conclusion is wrong. *See Cosby v. KPMG, LLP*, 3:16-cv-121, 2021 WL 2668803, at *5 (E.D. Tenn. June 29, 2021) ("Defendant has offered no new substantive argument to lead the Court to reconsider the conclusions it reached in its prior order.").

That isn't all. Defendants' merits discussion focuses almost entirely on issues relevant to the civil RICO claim. But recall the Court certified two claims—a civil RICO claim *and* a breach of fiduciary duties claim. As to the latter, the Court found Plaintiffs raise uniform and predominant questions about how and when a trustee violates their fiduciary duties to a beneficiary under Ohio law. (Doc. 223, #10535). Yet short of obliquely referencing "differences [between investors] pertaining to the trust structure of the transaction" (Doc. 225, #10550), Defendants' Motion to Stay

6

nowhere discusses the likelihood they could succeed in decertifying the breach of fiduciary duties claim. So civil RICO claim aside, Defendants have not made even a threshold showing to warrant a stay on Plaintiffs' breach of fiduciary duties claim. *See Baker*, 310 F.3d at 928 (noting the party seeking a stay must demonstrate both "serious questions going to the merits *and* irreparable harm" (emphasis added)).

Turn next to Defendants' potential irreparable injury. In considering this harm, courts "generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

Defendants argue they will suffer "immense costs associated with discovery, summary judgment, and possible trial preparation." (Doc. 225, #10552). Namely, they complain they will face a broader scope of discovery with the class certified, including "hundreds of thousands of pages, and terabytes, of documents." (Doc. 228, #10645). Although they acknowledge financial injury normally will not work by itself, they say their situation differs because these costs cannot be "recouped" or "recovered" and would be "incurred unnecessarily." (Doc. 225, #10552–53; Doc. 228, #10645). And Defendants highlight that they comprise small companies and individuals whose financial interests have been harmed both by this litigation and the downturn in the housing market. (Doc. 225, #10554).

The Court is unpersuaded. As a general matter, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence

of a stay, are not enough."[2] *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)). Multiple courts in this circuit agree. *See Hospital Auth. of Metro. Gov't of Nashville v. Momenta Pharms.*, No. 3:15-cv-1100, 2019 WL 5305506, at *2 (M.D. Tenn. Oct. 21, 2019) ("[I]rreparable injury cannot be based on costs alone."); *ProCraft Cabinetry, Inc. v. Sweet Home Kitchen & Bath, Inc.*, 343 F. Supp. 3d 734, 739 (M.D. Tenn. 2018); *See Tipton v. CSX Transp., Inc.*, No. 3:15-cv-311, 2017 WL 4583248, at *6 (E.D. Tenn. Oct. 13, 2017); *In re Polyurethane*, 2014 WL 12591692, at *4. And that makes sense. After all, while Rule 23(f) appeals are exceptional, class litigation costs and settlement pressures "are present in most (if not all) cases in which a class has been certified under Rule 23(b)(3)." *In re Polyurethane*, 2014 WL 12591692, at *4. So if costs alone count, the exception will swallow the rule.

Defendants nonetheless claim this principle should not apply when costs cannot be "recouped" or "recovered" if the Sixth Circuit ultimately decertifies. (Doc. 228, #10645). And some out-of-circuit courts seem to support that distinction. *See, e.g.*, *Pena*, 2015 WL 5103157, at *4 (collecting cases); *Willcox v. Lloyds TSB Bank,*

---

[2] Granted, Defendants have cited to handful of cases where courts stayed some portion of a class action to avoid litigation costs. (Doc. 225, #10553). But these cases seem to run afoul of the description of irreparable harm the Supreme Court articulated in *Sampson v. Murray*, 415 U.S. 61, 90 (1974). And even if that were not so, these cases are distinguishable. There, courts largely stayed discovery seeking to identify class members or where a favorable circuit ruling would end the entire case. *See, e.g.*, *Pena v. Taylor Farms Pac., Inc.*, No. 2:13-cv-01282, 2015 WL 5103157, at * 5 (E.D. Cal. Aug. 31, 2015) (staying to prevent potential costs related to class discovery and expert witnesses); *Willis*, 2017 WL 11634939, at *3–4 (staying class discovery where the circuit's ruling could have a determinative impact on the entire litigation but allowing expert discovery to proceed); *Gionis v. Javitch, Block & Rathbone*, 405 F. Supp. 2d 856, 873 (S.D. Ohio 2015) (staying a case when the circuit's disposition could result in summary judgment on all claims). Here, class identification discovery is mostly resolved, and a favorable circuit ruling will not moot the named Plaintiffs' individual claims.

*PLC*, No. 13-00508, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016); *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014); *CGC Holding Co. v. Hutchens*, 965 F. Supp. 2d 1277, 1279 (D. Colo. 2013).

Again, the Court is not convinced. "The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). So "recoverability" is a red herring. Unless something changes the default rule in a given case, *every* defendant opposing a class action faces "unrecoverable" expenses. Yet, as noted, the overwhelming majority of cases in this circuit hold that class litigation costs alone are not enough to warrant a stay.

Similarly, Defendants' fear that their discovery costs will be "incurred unnecessarily" doesn't help their case. Surely every defendant petitioning for decertification under Rule 23(f) worries costs will be incurred that could be avoided if they were to prevail. Defendants' concern here is not outside the norm. And again, litigation costs alone do not constitute irreparable harm, so the claim they are "unnecessary" doesn't add much. In sum, nothing about Defendants' potential litigation expenses warrants a stay.

Further, Defendants' size and their business prospects are hardly unique and do not counsel in favor of a stay.

Finally, it bears repeating Defendants have made no credible showing supporting a stay as to Plaintiffs' breach of fiduciary duties claim. Thus, the class action—along with any accompanying costs—presumably will proceed on at least that theory. Taken together, Defendants have not persuaded the Court they face

9

imminent, irreparable injury absent a stay.

Proceed to the potential harm to Plaintiffs. This litigation has been pending nearly six years—beginning in state court in 2017 and moving to federal court in 2019. (Comp., Doc. 1). For a controversy that old, more delay itself would cause substantial harm to Plaintiffs. *Momenta Pharms.*, 2019 WL 5305506, at *3 (finding a stay would substantially harm plaintiffs because the case had been pending for over four years).

But that's not all. Further delay could substantially harm Plaintiffs in that witnesses move, parties die, and memories fade. *See In re Polyurethane*, 2014 WL 12591692, at *4 (finding a stay would harm plaintiffs due to the fading memories of prospective witnesses). Indeed, so far, at least one witness has moved, and a Defendant has died. (Doc. 227, #10643). And Defendants themselves have acknowledged that memories are fading. (Doc. 183, #7625).[3] Although it is unclear to what extent these changes will continue into the future, they raise the risk of limiting Plaintiffs' ability to successfully prosecute their claims. *See Griepentrog*, 945 F.2d at 154.

Defendants label these future harms speculative. (Doc. 228, #10651). Maybe so. But it is Defendants—not Plaintiffs—who bear the burden to show the *absence* of substantial harm to Plaintiffs. *See Tipton*, 2017 WL 4583248, at *6. Short of summarily labeling Plaintiffs' claimed harms as "slight and insubstantial,"

---

[3] In their Response to Plaintiffs' Motion to Certify, Defendants cast doubt on an investor who they claimed "struggled to recall even basic facts about representations made to her or her rehab project generally" due to the passage of time. (Doc. 183, #7625).

Defendants have done nothing to carry *their* burden. (Doc. 225, #10554).

That leaves the public interest—which follows a similar path. "The public has an interest in prompt resolution of the cases that will be tried in this District." *In re Polyurethane*, 2014 WL 12591692, at *4; *Hoop v. Andrews*, No. 1:06-cv-603, 2009 WL 2431285, at *2 (S.D. Ohio Aug. 6, 2009) (same). As noted, this litigation is close to six years old. Additional delay would undermine the public's interest. *See Tipton*, 2017 WL 4583248, at *6 ("Especially in a case that has been pending for more than two years, the public interest strongly demands as prompt and efficient a resolution of the controversy as possible.").

In sum, the Court finds each factor cuts against issuing a stay. The Court **DENIES** Defendants' Motion for Stay. (Doc. 225). Discovery may proceed. Of course, Rule 26(b)'s proportionality principle likewise remains in effect.

**SO ORDERED.**

April 18, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**