# EXHIBIT
# 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| COMPOUND PROPERTY | : | Case No. 1:19-CV-00133 |
| MANAGEMENT LLC, et al., | : | |
| | : | |
| Plaintiffs, | : | Judge Douglas R. Cole |
| | : | |
| v. | : | |
| | : | |
| BUILD REALTY, INC., | : | |
| dba GREENLEAF FUNDING, et al., | : | |
| | : | |
| Defendants. | : | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement (the "Agreement") is made and entered into as of December 14, 2024, by and among, Compound Property Management, LLC, Leone1, LLC, R & G Cincy Investments, LLC, Pyramid Investment Group, LLC, and Ratio Models, LLC (collectively "Plaintiffs" and "Class Representatives"), Build Realty, Inc., Edgar Construction, LLC, Cincy Construction, LLC, McGregor Holdings, LLC, Cowtown Holdings, LLC, Build NKY, LLC, Greenleaf Support Services, LLC, Build SWO, LLC, Gary Bailey, George Triantafilou, G2 Technologies, LLC, GT Financial, LLC, and First Title Agency, Inc. (collectively "Defendants"), as well as (for the limited purpose of Section XIV) the undersigned counsel. Plaintiffs and Defendants are referred to collectively as the "Parties" or the "Settling Parties," and each individually as a "Party."

This Agreement is intended to resolve and settle the case captioned *Compound Property Management LLC, et al., v. Build Realty, Inc. dba Greenleaf Funding, et al.*, Case No. 1:19-CV-00133, currently pending in the United States District Court for the Southern District of Ohio,

Western Division (the "Lawsuit").[1] In this Agreement, any capitalized term not immediately defined is defined in Section III below.

## I. THE LAWSUIT AND ITS PROPOSED RESOLUTION

1. On February 20, 2019, the above captioned action was filed in the United States District Court for the Southern District of Ohio.[2]

2. Following the Court's May 26, 2020 order dismissing certain parties from this action, (Doc. 131), Plaintiffs moved for leave to file an amended complaint. (Doc. 145). On December 15, 2020, the Court denied, in part, the motion for leave to amend the complaint and concluded that the claims for damages against certain parties, including Smith, Graham & Co. Investment Advisors, L.P. ("Smith, Graham") and Five Mile Capital Partners ("Five Mile"), should be dismissed from this lawsuit with prejudice. (Doc. 153). Plaintiffs subsequently agreed to voluntarily dismiss the remaining claims for declaratory judgment against Smith Graham and Five Mile, which the Court permitted. (*See* Docs. 156, 157). However, Plaintiffs expressly reserved the right to appeal the previous involuntary dismissal of claims for damages against Smith Graham and Five Mile. (*See* Doc. 156 at PageID# 3256 n.1).

3. On February 21, 2023, the Court certified a Class defined as:

Plaintiffs and all other persons and entities in Ohio and Kentucky, individually and collectively, that invested in real property and were named as beneficiaries to a trust created through a real estate transaction engaged in by, through, or with any of the Defendants named herein, using the Build Scheme further described and defined herein, for the longest period allowed by law (the "Class").

---

[1] "Lawsuit" shall be construed to include the preceding state court case captioned *Compound Property Management, LLC v. Build Realty, Inc. dba Greenleaf Funding*, Case No. A 1700624 in the Hamilton County, Ohio Court of Common Pleas.

[2] The same day the above captioned case was filed, a substantially similar putative class action, filed November 2, 2017, in the Hamilton County Court of Common Pleas—Case No. A1700624— was voluntarily dismissed.

(Doc. 223). This Order further appointed Plaintiffs as Class Representatives for the Class, and it appointed the Finney Law Firm, LLC, and Markovits, Stock & DeMarco, LLC as Class Counsel. *Id.*

4.     On April 22, 2024, the Court granted Plaintiffs' Unopposed Motion for Approval of Class Notice. (Doc. 251). Thereafter, Plaintiffs created a case website and caused all notices to be mailed and/or emailed on or before May 22, 2024. (Doc. 255-1). The Notices informed Class Members of their right to opt out of the certified class and explained how to exercise this right (should the Class Member choose). (See Doc. 255-1 ¶ 4). Class Counsel estimates that it was able to deliver direct notice to roughly 94.77% of the Class Members. (See id. ¶ 5). After the successful notice program, Class Counsel only received one request for exclusion from the certified class. (*Id.* ¶ 7). A copy of this opt-out was filed with the Court as Exhibit A to the Declaration of Christopher P. Finney Regarding Notice Program. (Doc. 255-1).

5.     The parties aggressively pursued discovery in the state and federal court actions, including voluminous written discovery and numerous depositions. (*See, e.g.,* Docs. 176-182, 185-190). Once this action was refiled in federal court, the parties engaged in numerous discovery conferences with the Court and litigated several discovery disputes resulting in Court orders. (*See, e.g.,* Docs. 98, 99, 100, 101, 102, 103, 104, 109, 110, 112, 113, 114, 115, 116, 125, 128, 129, 130; *see also* Minute Entry (Jan. 3, 2020); Minute Entry (Jan. 9, 2020); Minute Entry (May 28, 2020); Minute Order (Sept. 30, 2020); Minute Entry (Mar. 22, 2021); Minute Entry & Notation Order (July 7, 2021); Minute Entry (Jan. 19, 2022); Minute Entry (Oct. 18, 2023); Minute Entry (July 16, 2024)). The factual record established through the parties' discovery efforts was described at length in the Court's order granting class certification. (*See* Doc. 223). Through this discovery, as well as informal financial discovery provided by the Defendants, the parties were able to

effectively evaluate the strengths and weaknesses of this case, including the Defendants' ability to satisfy a judgment should a jury rule in favor of the claims alleged.

6.      On April 10, 2024, the parties entered mediation under the guidance of Magistrate Judge Stephanie K. Bowman. (*See* Minute Entry (April 10, 2024)). The matter was not resolved during this mediation, but the parties agreed to continue negotiations. (*See id*.). The parties continued to negotiate under Judge Bowman's supervision but were unsuccessful in reaching a resolution. (*See* Minute Entry (June 13, 2024)). On June 13, 2024, Judge Bowman ordered this matter back to the docket of Judge Cole. (*Id*.).

7.      On July 16, 2024, the Court held a discovery conference during which the issue of settlement was again raised. (*See* Minute Entry (July 16, 2024)). During this status conference, the parties agreed to renew mediation under the supervision of Judge Cole. (*See id*.). On August 23, 2024, the Court held a mediation session that was attended by representatives for all remaining Defendants. (*See* Minute Entry (August 23, 2024)). During this mediation session, the parties discussed the framework of a potential resolution. Although a settlement in principle was not reached that day, the parties continued negotiations under the guidance of the Court. On October 16, 2024, the Court submitted a mediator's proposal. After some additional negotiation based upon that mediator's proposal, the Parties reach an agreement in principle on October 30, 2024.

8.      Defendants have at all times disputed, and continue to dispute, Plaintiffs' allegations in the Lawsuit and deny any wrongdoing and any liability for all the claims that have or could have been raised in the Lawsuit by Plaintiffs and/or Class Members. Nonetheless, Defendants believe that the comprehensive resolution of the claims in the Lawsuit as provided in this Agreement will avoid the substantial costs, uncertainty, and disruptions of continued litigation,

including potential trial and appeals, and have concluded that it is desirable that the claims against them be settled and dismissed on the terms reflected in this Agreement.

9. The Parties to this Agreement have now reached an agreement providing for a resolution of all claims that have been or could have been brought in the Lawsuit against Defendants on behalf of the Plaintiffs and Class Members.

10. Class Representatives and Class Counsel believe the Settlement is fair, adequate, reasonable, and in the best interest of the Class Members, considering the benefits provided to the Class Members through the terms of the Settlement, the risks of continued litigation and possible trial and appeals, the length of time and the costs that would be required to complete the litigation, and the risks associated with the collection of any judgment.

11. The Parties understand, acknowledge, and agree that it is their mutual desire and intention that the Lawsuit be settled and dismissed, on the merits and with prejudice, and that the Released Claims be finally and fully settled and dismissed, subject to and according to the terms and conditions set forth in this Agreement.

NOW, THEREFORE, it is hereby AGREED by and between the Parties, subject to approval by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure, that, in consideration for the benefits flowing to the Class and the Parties, the Lawsuit and all Released Claims, as defined below, shall be compromised, settled, acquitted, and dismissed with prejudice, on the following terms and conditions:

## II.    CONDITIONAL NATURE OF THIS AGREEMENT

12. If the Court alters any of the terms of this Agreement to the material and substantial detriment of Plaintiff or Defendants, at the sole discretion of each adversely affected Party, this Agreement shall be deemed null and void *ab initio* and shall be of no force or effect whatsoever.

To exercise this right, the Party must inform the Court, the other Party, and the Settlement Administrator, in writing, of the exercise of this right within ten (10) days after any such alteration by the Court.

13.     This Agreement and all associated exhibits or attachments, and any and all negotiations relating to it, shall not be admissible in the Lawsuit, or in any other action or legal proceeding, in any manner whatsoever, except as necessary: (a) to enforce the terms of this Agreement, including to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, accord and satisfaction, good-faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim; or (b) in connection with Third-Party Claims.

## III.    DEFINITIONS

As used in this Agreement, the following terms have the corresponding definitions below:

15.     "Administration and Notice Expenses" means reasonable fees and expenses incurred for the: (1) mailing (including postage), emailing, publication, and other dissemination of the Settlement Notices; (2) receipt and adjudication of claims submitted by Class Members for benefits under this Settlement, including the costs of administering a Settlement Website for the review of the Settlement Notices and submission of claims; (3) preparation of status reports at the request of the Court or in preparation for a hearing or conference with the Court; (4) receipt and processing of Opt-Out Requests submitted by Class Members who wish to exclude themselves from the Settlement Class; and (5) other reasonable costs of notice and claims administration agreed to by the Parties.

16.     "Agreement" means this Class Action Settlement Agreement and all exhibits attached to, and incorporated by reference into, it.

17.    "Attorneys' Fees and Expenses" means the amount of any attorneys' fees and reimbursement of litigation costs awarded to Class Counsel under their Fee Application.

18.    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1711 et seq. ("CAFA"), to be served by the Settlement Administrator on the appropriate state official in each state where a Class Member resides and the appropriate federal official.

19.    "Claimant" means a Class Member who submits a valid and timely Claim Form.

20.    "Claims Deadline" means 90 days after the Notice Date.

21.    "Claim Form" or "Claim Forms" means a form to submit claims that is substantially similar to the document attached to this Agreement as **Exhibit C**, as modified by the Court or by agreement of the Parties.

22.    "Class" means all Plaintiffs and all other persons and entities in Ohio and Kentucky, individually and collectively, that invested in real property and were named as beneficiaries to a trust created through a real estate transaction engaged in by, through, or with any of the Defendants named herein during the Class Period. Excluded from the Class are: Defendants and their past or present officers, employees, agents, directors, lawyers, and immediate family members; judicial officers and their immediate family members and associated Court staff assigned to this case; and any entities owned or controlled by an individual excluded from the Class.

23.    "Class Counsel" means W.B. Markovits and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202 and Christopher P. Finney and Casey A. Jones of Finney Law Firm, LLC, 4270 Ivy Pointe Blvd., Suite 225, Cincinnati, OH 45245.

24.    "Class Member" means any Person who is a member of the Class and who does not

exclude himself, herself, or itself from the Class in the manner and time prescribed by the Court in the proposed Preliminary Approval Order.

25. "Class Period" means from February 1, 2013, through May 24, 2019.

26. "Class Representatives" means Plaintiffs Compound Property Management LLC, Leone1, LLC, R & G Cincy Investments, LLC, Pyramid Investment Group, LLC, and Ratio Models, LLC.

27. "Common Fund" means the non-reversionary total of One Million Three Hundred Thousand Dollars ($1,300,000) to be paid according to the schedule set forth in Section V, below. Notwithstanding the foregoing, following Preliminary Approval, Defendants will advance from the Common Fund Ten Thousand Dollars ($10,000) for notice and claims administration expenses incurred prior to the Effective Date, and such reimbursement shall reduce the Common Fund.

28. "Complaint" means the Complaint filed on February 20, 2019, in the Lawsuit, subject to the additional named Plaintiffs/Class Representatives, as permitted by the Court's Order dated December 15, 2020, (Doc. 153), and added via Notice dated January 4, 2021, (Doc. 154).

29. "Court" means the United States District Court for the Southern District of Ohio, Western Division.

30. "Defendants" means Build Realty, Inc., Edgar Construction, LLC, Cincy Construction, LLC, McGregor Holdings, LLC, Cowtown Holdings, LLC, Build NKY, LLC, Greenleaf Support Services, LLC, Build SWO, LLC, Gary Bailey, George Triantafilou, G2 Technologies, LLC, GT Financial, LLC, and First Title Agency, Inc., and their respective parent corporations, affiliates, direct and indirect subsidiaries, predecessors, successors, assigns, anyone acting or purporting to act on their behalf, and all their current or former board members and executives.

31.     "Effective Date" means the first date that is three business days after all the following have occurred: (a) the Court has entered an order granting final approval of the Settlement in accordance with the terms of this Agreement; (b) the time for any challenge to the Settlement, both in the Court and on appeal, has lapsed; and (c) the Settlement has become final, either because no timely challenge was made to it or because any timely challenge has been finally adjudicated and rejected. For purposes of this Section, an "appeal" shall not include any appeal that concerns solely the issue of Class Counsel's request for attorneys' fees or expenses, Administration and Notice Expenses, and/or Service Awards to the Class Representatives.

32.     "Final Fairness Hearing" means the final hearing, to be held on or about 164 days after the Notice Date or as soon thereafter as practicable: (a) to determine whether to grant final approval to the Settlement; (b) to rule on Class Counsel's Fee Application; and (c) to consider whether to enter the Final Approval Order.

33.     "Fee Application" means the application to be filed by Class Counsel  no later than 14 days prior to the Objection Deadline by which they will seek an award to be paid out of the Common Fund for attorneys' fees and reimbursement of costs incurred by them in prosecuting the Lawsuit, as well as Service Awards to be paid to the Class Representatives.

34.     "Final Approval Motion" means the motion and accompanying documents to be filed by Class Counsel no later than 14 days prior to the Final Fairness Hearing by which they will seek final approval of the Settlement.

35.     "Final Approval Order" means the proposed Order Granting Final Approval to the Class Action Settlement and Entry of Final Judgment, to be entered by the Court following the Final Fairness Hearing.

36.     "Final Void Date" means the final void date for reissued checks, which shall be no

later than 240 days following initial distribution.

37.     "Lawsuit" means the case captioned *Compound Property Management LLC, et al., v. Build Realty, Inc. dba Greenleaf Funding, et al.*, Case No. 1:19-CV-00133, currently pending in the United States District Court for the Southern District of Ohio, Western Division, and shall be construed to include the preceding state court case captioned *Compound Property Management, LLC v. Build Realty, Inc. dba Greenleaf Funding*, Case No. A 1700624 in the Hamilton County, Ohio Court of Common Pleas.

38.     "Long Form Notice" means the written notice substantially in the form of **Exhibit A** to this Settlement Agreement subject to approval or revision by the Court.

39.     "Notice of Claim Denial" means the form that the Settlement Administrator will send, by email or first-class United States Mail, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim. Notices of Claim Denial shall be sent within 21 days of the Claims Deadline or receipt of an invalid claim (whichever is later).

40.     "Notice Data" means the Class Member identifying information obtained from Defendants. To the extent currently in their possession, Defendants shall assist in obtaining such identifying information upon request, and if reasonably accessible to them and only if not previously provided.

41.     "Notice Date" means the Court-ordered deadline by which the Settlement Administrator and any third parties must complete the emailing or mailing of Settlement Notices to Class Members, which shall be no later than 35 days after Settlement Administrator has received the Notice Data from Proposed Class Counsel and Defendants.

42.     "Notice Plan" means the plan for providing Settlement Notice to members of the

Class, as set forth in Section VI of this Agreement.

43. "Objection Deadline" means the Court-ordered deadline by which members of the Settlement Class must file any written objection or opposition to this Agreement or any part or provision of this Agreement, as set forth in Section VII, which shall be 60 days from the Notice Date.

44. "Opt-Out Request" means a valid written request submitted to the Settlement Administrator, pursuant to the provisions of Section VII of this Agreement, indicating that the Class Member wishes to be excluded from the Settlement.

45. "Opt-Out Request Deadline" means the Court-ordered deadline by which members of the Settlement Class must deliver, by mail or electronically, an Opt-Out Request pursuant to the provisions of Section VII of this Agreement, which shall be 60 days from the Notice Date.

46. "Parties" means the parties to this Agreement, Plaintiffs and Defendants.

47. "Person" means any natural person, including his or her beneficiaries, heirs, assigns, or executors, or any legal entity, including its predecessors, successors, affiliates, or assigns.

48. "Plaintiffs" means the Plaintiffs asserting claims in the Lawsuit: Compound Property Management LLC, Leone1, LLC, R & G Cincy Investments, LLC, Pyramid Investment Group, LLC, and Ratio Models, LLC.

49. "Preliminary Approval Order" means the Order Granting Preliminary Approval to Class Action Settlement, to be entered by the Court in either its current proposed form or with the Court's modifications.

50. "Protective Order" means the agreed protective order entered by the Court (Doc. 80).

51.    "Released Claims" means, as to Plaintiffs and all Class Members, all claims released under the release and waiver set forth in Section X of this Agreement.

52.    "Released Parties" or "Releasing Parties" for Defendants means Defendants, and each of their respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, representatives, insurers, reinsurers, subrogees, and assigns of any of the foregoing. Notwithstanding the foregoing, "Released Parties" shall not include Smith, Graham & Co. Investment Advisors, L.P.; Five Mile Capital Partners, LLC; SGIA Capital Residential Bridge Fund Venture IV LP; SGIA Capital Residential Bridge Fund Venture V LP; or Robert Scott Whiteside.

53.    "Released Parties" or "Releasing Parties" for Plaintiffs means Plaintiffs and all Class Members and each of their respective members, managers, directors, officers, stockholders, heirs, executors, representatives, agents, assigns, and successors.

54.    "Service Award" means a reasonable award sought by application to and approved by the Court that is payable to Plaintiffs from the Common Fund, for their role in and contribution to the Lawsuit, separate and apart from any Valid Claims.

55.    "Settled Class Claims" means any and all claims or causes of action of every kind and description, in all U.S. states and territories, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Party (Class) had or has (including,

but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that arise out of or relate to the allegations of the Lawsuit, and have been or could have been asserted in the Lawsuit or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, brought or could have been brought, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent. "Settled Class Claims" only include those arising out of or related to the conduct of Defendants alleged in the Amended Complaint.

56. "Settlement" means the settlement provided for in this Agreement.

57. "Settlement Administrator" means the third-party notice and administration provider agreed upon by the Parties and approved by the Court. The Parties have agreed upon Simpluris and will be seeking approval by the Court for its appointment.

58. "Settlement Class" means the Proposed Class Representatives and the Class.

59. "Settlement Notice" means the proposed forms of notice, or such other forms as may be approved by the Court, which inform the Class Members of (a) the date and location of the Final Fairness Hearing and (b) the elements of the Settlement Agreement—all in accordance with Section VI of this Agreement.

60. "Settlement Website" means a website created and/or controlled by the Settlement Administrator to facilitate notice, the making of claims, and for other administrative purposes related to the Settlement, as detailed in Section VI of this Agreement.

61. "Settling Parties" means, collectively, Plaintiffs and Defendants.

62. "Short Form Notice" means the written notice substantially in the form of **Exhibit**

13

**B** to this Settlement Agreement subject to approval or revision by the Court.

63. "Third-Party Claims" means any case, lawsuit, or other claim that the Class may bring, formally or informally, against any other Person seeking recovery on another theory or based on other causes of action related to the subject matter of the Lawsuit.

64. "Valid Claim" means a Claim Form that (a) is timely submitted by a Class Member in accordance with the requirements of the Preliminary Approval Order, (b) is signed by that Class Member with a certification that the information is true and correct to the best of the Class Member's knowledge and recollection, (c) is not fraudulent, and (d) otherwise contains all of the information for that Class Member to be eligible to receive the benefits provided in Section VI of this Agreement. Persons who receive direct notice either by email or mail are known Class Members as determined by inclusion in Defendants' records. The Parties agree that any such direct-notice Class Member who completes a Claim Form by entering the credentials provided to them by the Settlement Administrator or who provides said credentials on the mailed Claim Form shall not be required to provide additional proof assuming the Class Member certifies its entitlement and there are no issues that arise calling that certification into question; provided, however, that each Claim Form must contain credentials that can be used only once, and that the credentials must be sufficient for the Settlement Administrator to verify that the person submitting the claim is the Class Member to whom the direct notice was originally sent. Any claimant who completes a Claim Form, either online through the settlement website or via mail that does not provide the credentials referenced above, must provide additional evidence that they are a member of the Class. In the event the same direct-notice credential is submitted by multiple Claimants, the Settlement Administrator shall use its judgment based on the information it has available and treat only one Claimant as having a Valid Claim.

14

## IV.    REQUIRED EVENTS:  PRELIMINARY AND FINAL APPROVAL

65.    Plaintiffs shall file with the Court a motion seeking entry of the Preliminary Approval Order, which shall:

a.    Preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable to the Settlement Class;

b.    Designate Simpluris as the Settlement Administrator and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Agreement, the Notice Plan, the Preliminary Approval Order, and the Final Approval Order:

i.    No later than 35 days from receipt of the Notice Data, Settlement Administrator shall begin disseminating the Short Form Notices pursuant to the Notice Plan, substantially in the forms provided in Section VI, to the extent applicable and practicable;

ii.    No later than the Notice Date, Settlement Administrator shall establish the Settlement Website with information the Parties jointly agree to post concerning the nature of the case and the status of the Settlement, including relevant pleadings as available such as the Amended Complaint, papers in support of preliminary and final approval of the Settlement, and Class Counsel's Fee Application, plus relevant orders of the Court, within two business days of filing. The Settlement Website shall be established before or concurrently with emailing, mailing, or publicizing the Settlement Notices;

iii.    By 21 days after the Claims Deadline, the Settlement Administrator

shall receive, evaluate, and either approve as meeting the requirements of this Agreement or disapprove as failing to meet those requirements the Claim Forms submitted by Claimants.

iv.  By 21 days after the Claims Deadline, the Settlement Administrator shall send, by email or first-class United States Mail, to each Person who has submitted a Claim Form that the Settlement Administrator has determined not to be a Valid Claim, and which has not been challenged by Class Counsel, a Notice of Claim Denial. Such a person shall have 30 days from the date of transmission of a Notice of Claim Denial to cure the reason for any denial;

v.  Within 30 days of the Claims Deadline, Settlement Administrator shall provide the parties with: (a) a list of the names, addresses, email addresses, and other contact information of all Class Members who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined to be Valid Claims; and (b) a separate list of the names, addresses, email addresses, and other contact information of all Persons who have submitted Claim Forms and whose Claim Forms the Settlement Administrator has determined not to be Valid Claims, including the reason each Claim was rejected;

vi.  Process requests for exclusion from the Settlement in accordance with Section VII of this Agreement;

vii.  Process objections to the Settlement in accordance with Section VII

16

of this Agreement; and

viii.    No later than the filing of the motion for final approval, the Settlement Administrator shall provide to the Court, Defendants, and Class Counsel, a statement, under penalty of perjury, declaring: (a) that it has effectuated notice in compliance with the terms set forth herein and report the preliminary number of claims submitted (in total and by category of benefit); (b) the total number of requests for exclusion received; (c) the total number of objections received; (d) the total number of claims adjudicated as Valid Claims (in total and by category of benefit); and (e) the total number of claims adjudicated not to be Valid Claims.

ix.    Approve the Notice Plan and CAFA Notice, including the form, contents, and methods of notice to be given to the Class and the Settlement Class as set forth in Section VI of this Agreement, and direct the Settlement Administrator on behalf of the Defendant to provide, and cause to be provided, and to file with the Court a declaration of compliance with the Notice Plan set forth in Section VI of this Agreement (including the statement from the Settlement Administrator referenced in Section VI).

x.    Establish procedures and schedule deadlines for Class Members to object to the Settlement or certification of the Settlement Class, to exclude themselves from the Settlement, and to submit Claim Forms to the Settlement Administrator, all consistent with Sections VI and

17

VII of this Agreement.

66.     The deadlines established in the Preliminary Approval Order are:

a.      Within 35 days of receipt of the Notice Data, the Settlement Administrator shall mail and email the Short Form Notices as required by Section VI. The Settlement Administrator may also provide additional notice as provided by Section VI below.

b.      At least 14 days prior to the Objection Deadline, Class Counsel shall file their Fee Application.

c.      Within 60 days of the Notice Date, any Class Member shall file objections with the Court and serve that filing on Class Counsel and Defendants. Objections must be in writing and must contain the following information:

        i.      the full name, address, telephone number, and email address of the objector;

        ii.     the name of the limited liability company that is the Class Member, and proof that the person filing the objection has authority to represent that company;

        iii.    a written statement of all grounds for the objection accompanied by any legal support for such objection;

        iv.     copies of any papers, briefs, or other documents on which the objection is based;

        v.      a list of all cases in which the objector and/or objector's counsel have filed or in any way participated in, financially or otherwise, any objection to a class action settlement in the preceding five years;

vi.    the name, address, email address, and telephone number of all attorneys representing the objector;

vii.    a statement indicating whether the objector and/or the objector's counsel intends to appear at the Final Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and,

viii.    the objector's signature.

e.    Within 60 days of the Notice Date, requests by Class Members to be excluded from the Settlement must be received by the Settlement Administrator. The Settlement Administrator must file a list of all exclusions (including Class Members submitting Opt-Out Requests and those objecting) with the Court no later than 14 days before the Final Fairness Hearing.

f.    Within 60 days of the Notice Date, any Person or attorney seeking to appear at the Final Fairness Hearing must file with the Court and serve on Proposed Class Counsel and Defendants an entry of appearance in the Lawsuit and notice of intention to appear at the Final Fairness Hearing. This includes any person objecting to any or all of certification of the Settlement Class, designation of the Class Representative, appointment of Class Counsel, the Settlement, the Agreement, or Class Counsels' Fee Application.

g.    No later than 14 days before the Final Fairness Hearing, the Settlement Administrator shall file with the Court a declaration of compliance with the notice requirements set forth in Section VII of this Agreement.

h.     No later than fourteen (14) days before the Final Fairness Hearing, Class Counsel shall file their reply, if any, in support of the Settlement, and in response to any objections.

i.     90 days from the Notice Date shall be the Claims Deadline for all Class Members. All claims must be received by this date. Claims received after this date shall not be Valid Claims.

67.    Defendants may, but are not required to, file a memorandum in support of the motion seeking entry of the Preliminary Approval Order.

68.    At the Final Fairness Hearing, the Parties will jointly request the Court to enter the Final Approval Order that:

a.     Grants final approval of the Settlement and this Agreement as fair, reasonable, and adequate to the Settlement Class;

d.     Provides for the release, upon the Effective Date, of all Released Claims and enjoins Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future;

e.     Orders, upon payment of all amounts due within 180 days from Final Approval, the dismissal with prejudice of all claims alleged in the Lawsuit, except as provided below, and incorporates the releases and covenant not to sue stated in this Agreement, except as provided below, with each of the Parties to bear its, his, or her own costs and attorney fees, except as otherwise provided herein;

f.     Authorizes the Settlement Administrator to determine Valid Claims, and

g.     Preserves the Court's continuing jurisdiction over the administration of the

Settlement and enforcement of this Agreement.

69.     In addition, at the Final Fairness Hearing, Class Counsel will move the Court for entry of a separate order approving: (a) Service Awards; and (b) Attorneys' Fees and Expenses to Class Counsel in an amount to be determined by the Court consistent with the terms of this Agreement. Defendants will not oppose an Attorney Fee request of up to one-third of the payments made to the Common Fund following the Effective Date when the Settlement Administrator is prepared to make a distribution and in addition any payments made by Defendants subsequent to that distribution.

70.     This Agreement will not be finalized or submitted to the Court for approval without the consent of and execution by Plaintiffs, Defendants and, for the limited purposes of Section XIII, counsel for Plaintiffs and Defendants.

71.     Plaintiffs, Class Counsel, Defendants and their counsel will cooperate and make their best efforts to secure preliminary and final approval for and to effectuate the Settlement, including cooperating in drafting the documents necessary for preliminary and final approval and securing the prompt, complete, and final dismissal, with prejudice, of the Lawsuit. If the Court fails to enter either the Preliminary Approval Order or the Final Approval Order, Plaintiff, Class Counsel, Defendants and their counsel will use all reasonable efforts that are consistent with this Agreement to cure any defect identified by the Court. If, despite such efforts, the Court does not enter the Preliminary Approval Order or Final Approval Order, the Parties will return to their positions in the Lawsuit as they were immediately prior to the execution of this Settlement Agreement and confer on a revised trial schedule.

## V.     BENEFIT AVAILABLE TO MEMBERS OF THE SETTLEMENT CLASS

72.     To qualify for a benefit under this Agreement, a Claimant must timely submit to

the Settlement Administrator a properly completed Claim Form. A Claim Form postmarked or received on or before the Claims Deadline will be treated as timely. If the Class Member can establish excusable neglect for an untimely claim, with the agreement of the Parties, a benefit may still be provided.

73.     Class Members will be able to submit claims electronically through the Settlement Website or by mail. The Settlement Administrator shall prepopulate the online Claim Form with all relevant information, such as name and address, that is readily accessible. Class Members may edit or change prepopulated information.

74.     Class Members who submit a Valid Claim in time are eligible for a payment from the Common Fund remaining after payment of Attorney Fees and Expenses, Service Awards, and Administration and Notice Expenses, to be made following the later of the Effective Date or seven (7) days from the scheduled final payment by First Title. The payment will be pro rata based upon the number of Valid Claims. Those Class Members whose payments are not cleared within one hundred eighty (180) calendar days after issuance (the "Void Date") will be ineligible to receive a cash settlement benefit and the Settlement Administrator will have no further obligation to make any payment from the Common Fund pursuant to this Agreement or otherwise to such Class Member. Checks may, at the discretion of the Settlement Administrator, be reissued for a period up to 30 days following the Void Date. Any reissued check is void within 180 days of issuance or 60 days from the Void Date, whichever is sooner. Any funds that remain unclaimed or remain unused after the initial distribution and any reissuances will be distributed to Class Members who cashed the initial payment, on a pro rata basis, to the extent the cost of such redistribution is considered economical by the Settlement Administrator, Class Counsel, and Defendants. If such redistribution is not considered economical, or if unpaid funds remain after a second distribution,

any unpaid funds will be donated *cy pres* as proposed by the Parties and approved by the Court to an appropriate state fund or non-profit organization.

75.     The Common Fund shall total One Million, Three Hundred Thousand Dollars ($1,300,000), to be paid as set forth below. All funds are to be wired to the Settlement Administrator, with the exception of any payments made by Defendants after the distribution of settlement benefits to Class Members. Payments by Defendants after the date of distribution to Class Members shall instead be wired to the Finney Law Firm.

a.     Within five (5) business days of Preliminary Approval, Defendants shall pay Ten Thousand Dollars ($10,000) to be used for Administration and Notice Expenses, with any unused amounts returned to the Common Fund;

b.     Defendants George Triantafilou, G2 Technologies, LLC, and GT Financial, LLC shall pay a total of Three Hundred and Sixty-Six Thousand, Six Hundred and Seventy Dollars ($366,670) in two installments: (i) within 120 days after execution of this Agreement, or upon Final Approval, whichever is later, an installment of One Hundred and Eighty Three Thousand, Three Hundred and Thirty-Five Dollars ($183,335); (ii) within 180 days after execution of this Agreement, an installment of the same amount (subtracting from this final payment the portion of the initial $10,000 paid by these Defendants);

c.     Defendant First Title shall pay a total of Six Hundred, Fifty-Eight Thousand, Three Hundred and Thirty Dollars ($658,330), in three installments: (i)  within 120 days after execution of this Agreement, or upon Final Approval, whichever is later, an installment of Three Hundred and Sixty Thousand Dollars ($360,000); (ii)  within 210 days of execution of this Agreement, or upon Final Approval, whichever is

23

later, an additional Two Hundred Thousand Dollars ($200,000); and (iii) within 365 days of execution of this Agreement, following Final Approval, a payment of Ninety-One Thousand, Six Hundred and Sixty Dollars ($91,660) (subtracting from this final payment the portion of the initial $10,000 paid by First Title);

d.  Defendants Build Realty, Inc., Edgar Construction, LLC, Cincy Construction, LLC, McGregor Holdings, LLC, Cowtown Holdings, LLC, Build NKY, LLC, Greenleaf Support Services, LLC, Build SWO, LLC, and Gary Bailey (the "Build Defendants") shall pay a total of Two Hundred and Seventy Five Thousand Dollars ($275,000) as follows: (i) Fifty Thousand Dollars ($50,000) upon Final Approval from monies contingent upon the refinancing of Defendant Gary Bailey of his residence, which he in good faith will attempt to accomplish before Final Approval and will begin to seek no later than the execution of this Agreement; (ii) One Thousand Five Hundred Dollars ($1,500) per month for sixty (60) months beginning 90 days after Final Approval; and (iii) Two Thousand Two Hundred and Fifty Dollars ($2,250) per month beginning on the 61st month until the balance is paid (subtracting from this final payment the portion of the initial $10,000 paid by the Build Defendants). Should the anticipated refinancing identified in (i) not occur, upon Final Approval the Build Defendants will begin the periodic payments set forth in (ii) and (iii). If any of the payments above by the Build Defendants are missed, and upon notice the failure to pay is not corrected within ten business days, the entire balance for the Build Defendants shall become due and payable immediately, to be enforced subject to the continuing jurisdiction of the Court over this Settlement.

      e.    Payments by Defendants before the Settlement Administrator distributes checks to the Class Members shall be made to the Settlement Administrator, with payment information to be provided. Payments by Defendants made after the Settlement Administrator has distributed checks to Class Members shall instead be made to the Finney Law Firm, with payment information to be provided.

      f.    Upon the Effective Date, Defendants who have made all payments required above shall be dismissed with prejudice. Defendants who have not completed their required payments will be dismissed without prejudice. All Defendants will execute tolling agreements providing that any claim against them arising in this Lawsuit is tolled until final payment is made by that Defendant respectively. The release of Defendants, as set forth in Section X below, shall be effective only upon final payment of amounts due by that Defendant.

## VI.    SETTLEMENT NOTICE AND NOTICE PLAN

76.    All decisions regarding notice and settlement administration shall be made jointly between Defendants and Class Counsel except as otherwise set forth in this Agreement. The Parties and their counsel agree to cooperate in good faith in the notice and settlement administration process and to make reasonable efforts to control and minimize the costs and expenses as well as business disruption incurred in providing notice and in the execution and administration of the terms of this Settlement Agreement.

77.    Class Counsel shall have the ability to communicate with the Settlement Administrator without the need to include each other in each of those communications. Disputes, if any, shall be resolved by the Court. This includes any disputes over whether a particular Class Member is entitled to a particular benefit under Section V of this Agreement.

78.     On or before 35 days after receipt of the Notice Data:

    a.     The Settlement Administrator will send or cause to be sent a copy of the Short Form Notice by electronic mail, to every Class Member whose email address can reasonably be identified in Defendants' records. All email addresses shall be subjected to an email validation process and invalid addresses shall not be sent a Settlement Notice.

    b.     The Settlement Administrator will also send or cause to be sent the Short Form Notice via mail to any Class Member for whom the parties have a valid mailing address.

    c.     If the above notices are deemed insufficient by the Settlement Administrator, a digital media campaign or print publication through digital media may also be implemented within the terms of the estimated cost.

79.     The estimated cost of notice (not including claims administration) is less than Thirteen Thousand Dollars ($13,000), as reflected in a bid by Simpluris, the proposed Settlement Administrator.

80.     Within 14 days of the entry of the Preliminary Approval Order, assuming that the information has not already been provided to Plaintiffs or their counsel, Defendants will provide the Settlement Administrator with electronic data containing the contact information and tax information (tax ID number or social security number) Defendants have for Class Members. Defendants will provide this information in an Excel-readable format unless Defendants and the Settlement Administrator agree on another format to facilitate providing Settlement Notice. The Settlement Administrator will maintain the information and data provided to it by Defendants pursuant to this provision as Confidential under the terms of the Protective Order.

81.     To facilitate the efficient administration of this Settlement, and to promote the provision of benefits pursuant to this Settlement, the Settlement Administrator will establish a Settlement Website that enables Class Members to:

        a.     Read the Settlement Notices;

        b.     Complete, review, and submit a Claim Form online;

        c.     Print the Claim Form for completion and submission by the Class Member by mailing to the Settlement Administrator along with any required documentary support; and

        d.     View a telephone number and email address the Class Members may contact to obtain general information about the Settlement and this Agreement.

82.     The Settlement Administrator shall maintain the Claim Forms on the Settlement Website after the Claims Deadline passes. The Settlement Administrator shall maintain the Settlement Website through the Final Void Date.

83.     The Parties agree that the Settlement Notices, Claim Forms, and Settlement Website will provide information sufficient to inform Class Members of: (a) the essential terms of this Agreement; (b) appropriate means for obtaining additional information regarding the Agreement and the Lawsuit; (c) appropriate information about the procedure for objecting to or excluding themselves from the Settlement, if they should wish to do so; and (d) appropriate means for and information about submitting a claim for benefits pursuant to the Settlement. The Parties also agree that the dissemination of the Settlement Notices in the manner specified in this Section VI satisfies the notice requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

84.     On or about one week prior to the midpoint of the claim filing period the Settlement Administrator shall prepare for the review of the Parties a report reflecting claims made up to that time. The Settlement Administrator shall attempt to perform a cursory review of the claims made including performing a non-exhaustive programmatic deduplication and fraud review to give the parties an approximation of the current state of potentially approved and denied claims. The Parties understand that the report shall be an approximation and shall not be relied upon as a final product but rather a guide for use exclusively for the determination of the implementation of the claim stimulation notice. Class Counsel, in their discretion, may direct the Settlement Administrator to send additional rounds of notice to Class Members before the deadline to submit a claim.

85.     Pursuant to this Agreement, Class Counsel will request the Court to approve, in the Preliminary Approval Order, the emailing and direct mailing of the Short Form Notices and establishment of the Settlement Website, which will include the Settlement Notices, the Claim Forms, and any Publication Notice, all as set forth above in this Section VI, and the claim stimulation notice if the Parties agree it is warranted.

86.     As soon as practicable, but no later than 10 days after Plaintiff files this Agreement in the Court, the proposed Settlement Administrator shall serve the CAFA Notice on behalf of the Defendants as required by the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715.

87.     No later than the filing of the motion for final approval, the Settlement Administrator shall file with the Court a declaration of compliance with this Notice Plan, including a statement of the number of Persons to whom the Class Notice was mailed and emailed for each source of records (i.e., the number of Persons to whom the Class Notice was mailed or emailed identified in records provided by Defendants).

## VII. CLAIM ADMINISTRATION, EXCLUSION FROM THE SETTLEMENT CLASS, AND OBJECTIONS

88. Administration and Notice Expenses shall be paid from the Common Fund. Defendants shall not be responsible for any Administration and Notice Expense with the exception of Ten Thousand Dollars ($10,000) that shall be advanced by the Defendants as stated previously. Any such amounts paid will be subtracted from the Common Fund payment made by Defendants following the Effective Date and are non-refundable.

89. As soon as practicable and in any event no later than 30 days after the Claims Deadline, the Settlement Administrator will provide Defendants and Proposed Class Counsel with: the names, contact information, and other information submitted by Class Members who have submitted Opt-Out Requests, objections, or notices of intent to appear at the Final Fairness Hearing. The Settlement Administrator shall provide information pursuant to this Section in electronic form in Excel format or another format agreed on with Defendants or Proposed Class Counsel, respectively.

90. The period for Class Members to submit Claim Forms will commence with the Notice Date and remain open for 90 days.

91. The Settlement Administrator will reject a Claim Form that does not include all information required to make the Claim Form a Valid Claim. The Settlement Administrator will provide a Notice of Claim Denial within 21 days of the Claims Deadline or receipt of an invalid claim (whichever is later), by the same means a Person submitted a Claim Form, to any Person who has not submitted a Valid Claim and will identify the reason(s) the Person has not submitted a Valid Claim. The Notice of Claim Denial will also notify such Persons that they have the right to have the Court review whether they have submitted a Valid Claim.

92. Any Person receiving a Notice of Claim Denial that his, her, or its Claim Form is

not a Valid Claim who wishes to contest such denial must, within 30 days of the date of mailing or transmission of Notice of Claim Denial of a claim by the Settlement Administrator as described in Paragraph 91 above, submit to the Settlement Administrator a statement of the reasons contesting the grounds for the rejection of his, her, or its claim as well as provide supporting documentation as necessary. If a Person provides the required information to contest, the Settlement Administrator shall reevaluate the claim and approve the claim if the deficiency is cured. In the case of a dispute about whether the Person has submitted a Valid Claim the Settlement Administrator shall escalate the claim to Proposed Class Counsel and Counsel for the Defendants. If the claim remains unresolved, Proposed Class Counsel shall present the issue for review by the Court after certifying that Proposed Class Counsel, Defendants, and the Settlement Administrator have personally conferred and disagree about whether the claim is a Valid Claim.

93.    After the conclusion of the deficiency process (and at least 20 days before the Final Fairness Hearing), the Settlement Administrator will provide Defendants and Proposed Class Counsel a statement detailing the outcome of the notice, claim, and deficiency process, including the number of Valid Claims and opt-outs submitted at that point by Class Members. On request, the Settlement Administrator will provide particular Claim Forms and Opt-Out Requests. By the same deadline, the Settlement Administrator shall provide Defendants and Proposed Class Counsel with an accounting detailing the Administration and Notice Expenses incurred. Should the detailed accounting provided be submitted to the Court, Class Counsel and Defendants' counsel shall do so under seal. The Settlement Administrator shall provide information pursuant to this Section in electronic form in its native format or another format agreed on with Defendants or Class Counsel, respectively. The Settlement Administrator will work with Class Counsel to prepare declarations related to the claim and notice program that can be filed in connection with the motions for

30

preliminary and final approval.

94. Class Counsel shall apply to the Court for an order approving or denying the Settlement Administrator's administrative determinations concerning the acceptance and rejection of Valid Claims and approving the Settlement Administrator's Administration and Notice Expenses.

95. All proceedings with respect to the administration, processing, and determination of claims described in this Agreement and the determination of all cases or controversies relating thereto, including disputed questions of law and fact with respect to whether any claim is a Valid Claim, are subject to the jurisdiction of the Court. All persons interested in such determinations submit to the personal jurisdiction of the Court.

96. <u>Opt-Out Requests</u>. Class Members other than the Proposed Class Representatives may opt out of the Settlement by submitting an Opt-Out Request to the Settlement Administrator no later than 60 days from the Notice Date. To be valid, an Opt-Out Request must contain the name, company name (if applicable), address, email address, and telephone number. Each Class Member seeking exclusion from the Settlement must also personally sign (or cause an authorized representative to personally sign) the Opt-Out Request. No Class Member may opt out by a request signed by an actual or purported agent or attorney acting on behalf of a group of Class Members. No Opt-Out Request may be made on behalf of a group of Class Members. Class Members who do not submit a timely, personally signed, valid Opt-Out Request will be bound by the Settlement and this Agreement, including the release of Released Claims. Class Members who timely submit a valid, personally signed Opt-Out Request will have no further role in this Settlement and will not be bound by this Agreement; accordingly, such Class Members will not be permitted to assert an objection to the Settlement or this Agreement and will receive no benefit described in Section V

of this Agreement. The Settlement Notices will advise Class Members of their ability to opt out of the Settlement and of the consequences of opting out of the Settlement. Neither the Parties nor their counsel will solicit any Class Member to submit an Opt-Out Request.

97.     The Settlement Administrator will correspond with Class Members who timely submit both an Opt-Out Request and a Valid Claim Form to clarify the Class Member's intent. The Settlement Administrator's correspondence will state that, unless the Class Member clarifies that he, she, or it intends to opt out of the Settlement within seven (7) days, the Class Member will be deemed to have submitted a Valid Claim.

98.     <u>Objections</u>. Class Members, except for Plaintiff, will have until 60 days after Notice date to file an objection to the Settlement. Neither the Parties nor their counsel will encourage any Class Member to object. Only Class Members who have not submitted an Opt-Out Request to the Settlement Administrator may object to the Settlement. To object, a Class Member must timely file with the Court a written objection and a notice of intent to appear at the Final Fairness Hearing, if the objector chooses to appear at the Final Fairness Hearing. The filing date of any written objection will be the exclusive means for determining the timeliness of an objection. Objections must contain the information set forth in Paragraph 66(c), above.

## VIII.    PAYMENTS TO PLAINTIFFS

99.     Plaintiffs may participate in the claims process described in Sections VI-VII of this Agreement to the same extent as Class Members.

100.    Subject to approval by the Court, Plaintiffs will also receive following the Effective Date a Service Award pursuant to the provisions of this Section. Defendants will not oppose a Service Award payment to Plaintiffs of up to Ten Thousand Dollars ($10,000) each, to be paid from the Common Fund, as compensation for their time and effort associated with their

participation in this Lawsuit. This amount is not reimbursement or compensation for any alleged injuries, damages, or any other relief sought in the Lawsuit. Even though Plaintiffs have signed this Agreement and support approval of the Settlement, payment of the amount specified in this Section is not contingent on such authorization and support for the Agreement. Class Counsel will not seek payments for Plaintiffs more than the amount in this Section, which Defendants will not oppose. The Parties did not negotiate or agree to this Section or any of its terms before negotiating and agreeing to the substantive terms of the Settlement.

## IX. CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

101.  Class Counsel shall file a Fee Application for an award of Attorneys' Fees, Litigation Expenses, and Service Awards no later than 14 days prior to the Objection Deadline, pursuant to Rule 23(h), Rule 54(d)(2), and the Court's Local Rules.

102.  The Parties have agreed that Defendants shall not oppose, capped at the aggregate $1,300,000 Common Fund amount: (i) any request for Administration and Notice Expenses of up to $13,000; (ii) Attorneys' Fees of up to one third of the Common Fund as of the date when the Settlement Administrator is prepared to distribute funds, and an additional fee of any payments received from Defendants following that date; (iii) Expenses of up to $175,000; and (iv) a Service Award of up to $10,000 for each Plaintiff. It is not a condition of the Settlement or this Agreement that the Court award any particular amount of Attorneys' Fees and Expenses or any particular amount as a Service Award.

103.  If the Court makes an award of Attorneys' Fees and Expenses, the Settlement Administrator shall pay Class Counsel from the Common Fund the amount of attorneys' fees and expenses awarded by the Court. Such payment shall be made by the later of the Effective Date or seven (7) days from the scheduled date of the final payment by First Title, subject to Class Counsel

providing all payment routing information and a valid IRS W-9 form for Finney Law Firm, as agent for Class Counsel. Payment of the Fee Award will be made from the Common Fund by wire transfer by the Settlement Administrator to the Finney Law Firm as of the date of distribution, and wire transfer by Defendants to Finney Law Firm for any payments made by Defendants subsequent to the distribution date.

104.    Any Service Awards approved by the Court for the Proposed Class Representatives shall be paid by the Settlement Administrator from the Common Fund payment by the later of the Effective Date or seven (7) days from the scheduled date of the final payment by First Title.

105.    The award of attorneys' fees and costs, and payment to the Class Representatives are subject to and dependent upon the Court's approval. However, this Settlement is not dependent or conditioned upon the Court's approving Class Counsel's fees and expenses or the Class Representative's Service Award or awarding the particular amounts sought by Class Counsel and Class Representatives. In the event the Court declines or modifies Class Counsels' or Class Representatives' requests, this Settlement will continue to be effective and enforceable by the Parties, provided, however, that the Class Representatives and Class Counsel retain the right to appeal any decision by the Court regarding Attorneys' Fees and Expenses, and Service Award, even if the Settlement is otherwise approved by the Court.

## X.    RELEASES

106.    Class Members who do not timely exclude themselves from the Settlement, upon final payment by a Defendant of amounts due under Section V above, forever release and discharge the Released Parties (Defendants) that have made such final payment from any and all claims, demands, actions, or causes of action of every kind and description, in all U.S. states and territories, including any causes of action in law, claims in equity, complaints, suits or petitions, and any

allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Party (Class Member) had or has (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below), or may ever have, that have been or could have been asserted in the Lawsuit or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, brought or could have been brought, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of or in any way related to the facts and/or claims asserted in the Lawsuit whether or not those claims, demands, actions, or causes of action have been pleaded or otherwise asserted, including any and all damages, losses, or consequences thereof. To avoid any doubt, this Settlement shall not release any claims of Class Members that are unrelated to the allegations in the Complaint.

107. Upon the Effective Date, Defendants forever release and discharge the Released Parties (Plaintiffs and Class Members) from any and all claims or causes of action of every kind and description, in all U.S. states and territories, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages,

attorneys' fees, costs, interest or expenses) that the Releasing Parties (Defendants) had or have (including, but not limited to, assigned claims and any and all "Unknown Claims" as defined below) that have been or could have been asserted in the Lawsuit or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, brought or could have been brought, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, arising out of, or related or connected to the claims in the Lawsuit.

108.    Plaintiffs expressly consent that this release shall be given full force and effect according to each of its terms and provisions, including those relating to unknown and unspecified claims, injuries, demands, rights, lawsuits, or causes of action as referenced above. Plaintiffs acknowledge and agree that this waiver is an essential and material term of this release and the compromise settlement that led to it, and that without this waiver the compromise settlement would not have been accomplished. Plaintiffs have been advised by their attorneys with respect to this waiver through their authorized agents, being of competent minds, and understand and acknowledge its significance.

109.    Each Party expressly accepts and assumes the risk that, if facts with respect to matters covered by this Agreement are found to be other than or different from the facts now believed or assumed to be true, this Agreement shall nevertheless remain effective.

## XI.      DENIAL OF LIABILITY

110.    During negotiations, the Parties communicated their competing theories, claims, defenses, and positions. Defendants deny liability or wrongdoing of any kind associated with the

claims alleged in the Lawsuit. Consequently, this Agreement is a compromise, and shall not be construed as an admission of liability, culpability, wrongdoing, or negligence by Defendants or the Released Parties, for any purpose, and under any circumstance. This Agreement, as well as the negotiations that occurred in connection with its creation, shall not constitute evidence with respect to any issue, or dispute, in any lawsuit, legal proceeding, or administrative proceeding, except for legal proceedings concerning the enforcement or interpretation of this Agreement. The Parties do not concede any claims or defenses that were, or could have been, raised in the Lawsuit; rather, they merely negotiated and reached a settlement to avoid further disputes and litigation and the attendant inconvenience and expense.

## XII.    COVENANT NOT TO SUE

111.    Plaintiffs, on behalf of themselves and all Class Members, (a) covenant and agree that neither Plaintiffs nor any Class Member, nor anyone authorized to act on behalf of any of the Plaintiff or any Class Member, will commence, authorize, or accept any benefit from any judicial or administrative action or proceeding, other than as expressly provided for in this Agreement based upon nonpayment of monies due, against the Released Parties (Defendants), or any of them, in either their personal or corporate capacity, with respect to any claim, matter, or issue that in any way arises from, is based on, or relates to any alleged loss, harm, or damages allegedly caused by the Released Parties (Defendant), or any of them, in connection with the  Released Claims; (b) waive and disclaim any right to any form of recovery, compensation, or other remedy in any such action or proceeding brought by or on behalf of any of them; and (c) agree that this Agreement shall be a complete bar to any such action.

112.    Plaintiffs and Class Members are hereby permanently barred and enjoined from seeking to use the class action procedural device (or any analogue of or counterpart to it) in any

future lawsuit against the Released Parties (Defendants), except as expressly provided in this Agreement based upon nonpayment of monies due, where the lawsuit asserts claims that were related to the Released Claims and could have been brought in the Lawsuit before entry of the Final Approval Order and are not otherwise released and discharged by this Agreement.

## XIII. APPEAL BY PLAINTIFFS OF PRIOR DISMISSAL

113.    By Opinion and Order dated May 26, 2020, (Doc. 131), the Court dismissed prior defendants Smith, Graham & Co. Investment Advisors, L.P. ("Smith Graham") and Five Mile Capital Partners, LLC ("Five Mile"). By subsequent order, the Court also denied leave to bring claims against SGIA Capital Residential Bridge Fund Venture IV LP; SGIA Capital Residential Bridge Fund Venture V LP; and Robert Whiteside. (Doc. 153). Nothing in this Agreement is intended to preclude Plaintiffs from appealing these dismissals or denials of leave once Final Approval is granted, and neither Section X (Releases) nor Section XI (Covenant Not to Sue) apply to Smith, Graham & Co. Investment Advisors, L.P.; Five Mile Capital Partners, LLC; SGIA Capital Residential Bridge Fund Venture IV LP; SGIA Capital Residential Bridge Fund Venture V LP; or Robert Scott Whiteside.

## XIV. PUBLICITY AND NON-DISPARAGEMENT

114.    Following the Effective Date, the Parties and their counsel shall not publicize this Settlement or this Lawsuit, except as required by Court Order, or through a posting on Class Counsels' websites subject to prior approval by opposing counsel, which shall not be unreasonably withheld. Any dispute regarding a requested posting shall be resolved by the Court. For the avoidance of any doubt, the following examples shall not be considered "publicity" in violation of this agreement: (i) statements made in any court filing or proceeding; and (ii) any reference to an attorney's participation or appointment in this case (so long as the reference only includes publicly

available information).

115.    Additionally, Plaintiffs' counsel agrees to permanently delete and remove from the public view the following posts immediately upon the date this Agreement is fully executed:

- https://finneylawfirm.com/our-firms-racketeering-suit-certified-as-a-class-action-against-build-realty-is-featured-in-this-story-on-wcpo/

- https://finneylawfirm.com/u-s-district-court-judge-douglas-cole-certifies-rico-and-fiduciary-breach-class-action-against-build-realty-gary-bailey-george-triantafilou-and-first-title-agency-llc/

- Ohio Commercial Litigation: Major win today Build Realty class action litigation for Finney Law Firm clients - Finney Law Firm

116.    Following the Effective Date, and except as an appropriate part of a legal filing, or as required by law, lawful subpoena, or other valid legal process, the:

a) Parties and their counsel, and their respective agents, employees, and affiliates (including Finney Law Firm LLC affiliate Ivy Pointe Title, LLC), agree not to orally, electronically, in writing, or otherwise (including, but not limited to, by way of social media, website postings, or through any media or news outlets) post, publish, or make any statement that disparages an opposing party in relation to the Lawsuit or any other matter prior to the Effective Date.

b) Parties and their counsel, and their respective agents, employees, and affiliates (including Finney Law Firm LLC affiliate Ivy Pointe Title, LLC), agree not to orally, electronically, in writing, or otherwise (including, but not limited to, by way of social media, website postings, or through any media or news outlets) post, publish, or make any statement that disparages the opposing party's counsel in relation to the lawsuit.

If any Party or their counsel believes a disparaging statement is made in violation of this provision, that Party or their counsel shall promptly notify opposing counsel and make a good faith effort

informally to resolve the dispute. If the dispute cannot be resolved informally, it shall be submitted to the Court for resolution through injunctive relief, if appropriate. Any action for damages, however, must be addressed through a separate action meeting the relevant legal standard for defamation or other applicable tort claims. The restrictions stated above shall not apply to Class Members other than the named Plaintiffs who have executed this Settlement Agreement. The Parties acknowledge and agree that this is a material term of this Settlement Agreement.

## XV.    REPRESENTATIONS AND WARRANTIES

116.    Each of the Parties represents and warrants to, and agrees with, each of the other Parties as follows:

117.    Each Party has had the opportunity to receive, and has received, independent legal advice from his, her, or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income-tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

118.    Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties (Defendants) that Plaintiffs have or may have arising out of the Lawsuit has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person or entity other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs themselves.

119.    None of the Parties relies or has relied on any statement, representation, omission, inducement, or promise of the other Party (or any officer, agent, employee, representative, or attorney for the other Party) in executing this Agreement, or in making the Settlement provided for herein, except as expressly stated in this Agreement.

120.    Each of the Parties has investigated the facts pertaining to the Settlement and this Agreement, and all matters pertaining thereto, to the full extent deemed necessary by that Party and his, her, or its attorneys to make a full and informed decision as to the reasonableness and agreeableness of this Agreement.

121.    Each of the Parties has carefully read, and knows and understands, the full contents of this Agreement and is voluntarily entering into this Agreement after having had the opportunity to consult with, and having in fact consulted with, his, her, or its attorneys.

122.    Each term of this Agreement is contractual and not merely a recital.

123.    Extensions of Time. Unless otherwise ordered by the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Agreement and Settlement.

124.    Exhibits. All of the exhibits or attachments to this Agreement are material and integral parts of this Agreement and are incorporated by reference as if fully set forth here.

125.    Severability. With the exception of the provision for attorneys' fees and costs to Class Counsel and Service Awards to Plaintiffs pursuant to Sections VIII and IX of this Agreement, none of the terms of this Agreement is severable from the others. If the Court or a court of appeals should rule that any term is void, illegal, or unenforceable for any reason, however, Defendants, in their sole discretion, and Plaintiffs, in their sole discretion (but acting in accord with their duties and obligations as Class Representatives of the Settlement Class), may elect to waive any such deficiency and proceed with the Settlement under the terms and conditions approved by the Court.

126.    Entire Agreement of the Parties. This Agreement constitutes and comprises the entire agreement between the Parties concerning the Settlement. No representations, warranties,

or inducements have been made by any Party concerning the Settlement or this Agreement other than those contained and memorialized in this Agreement. This Agreement supersedes all prior and contemporaneous oral and written agreements and discussions concerning resolution of the Lawsuit. It may be amended only by an agreement in writing, signed by the Parties.

127. <u>Binding on Agents, Successors, and Assigns</u>. This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, members, managers, stockholders, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest.

128. <u>Third-Party Beneficiaries</u>. The Released Parties and any of their agents other than the signatories to this Agreement are intended to be third-party beneficiaries of this Agreement.

129. <u>Taxes</u>. Members of the Settlement Class, Plaintiffs, and Class Counsel shall be responsible for paying any and all federal, state, and local taxes that may be due on account of any payment or benefit conferred pursuant to this Agreement. Notwithstanding, the Parties agree that the portion of the Common Fund maintained by the Settlement Administrator is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes and tax-related expenses owed with respect to the Common Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Common Fund as a qualified settlement fund from the earliest date possible. Any and all funds held by the Settlement Administrator shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest

bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Settlement Agreement, upon request of any of the Parties.

130. <u>Cooperation in Implementation</u>. Defendants, Plaintiffs, and their respective counsel agree to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Agreement.

131. <u>Notices</u>. Any formal or informal notices provided for, required by, or relating to this Agreement shall be provided to:

For Plaintiffs and the Settlement Class:

Christopher P. Finney, Esq.
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6650
*chris@finneylawfirm.com*

W.B. Markovits
Markovits, Stock, & DeMarco, LLC
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
(513) 651-3700
*bmarkovits@msdlegal.com*

For Defendants:

Alex S. Rodger
STRAUSS TROY
150 East Fourth Street, Fourth Floor
Cincinnati, Ohio 45202
(513) 629-9445
asrodger@strausstroy.com
*Counsel for Defendants Build Realty, Inc. dba Greenleaf*
*Funding, Edgar Construction LLC, Cincy Construction*
*LLC, McGregor Holdings LLC, Cowtown Holdings LLC,*
*Build NKY LLC, Greenleaf Support Services LLC, Build*

*SWO LLC, Gary Bailey, Gary Bailey as Trustee of the Bailey Investment Trust, and Gary Bailey as Beneficiary of the Bailey Investment Trust*

Victor A. Walton, Jr.
VORYS, SATER, SEYMOUR AND PEASE LLP
Great American Tower, Suite 3500
301 East Fourth Street
Cincinnati, Ohio 45202
(513) 723-4000
vawalton@vorys.com
*Counsel for Defendants George Triantafilou, George Triantafilou as Trustee, GT Financial, and G2 Technologies LLC*

Tyler Tarney
GORDON REES SCULLY MANSUKHANI LLP
41 South High Street, Suite 2495
Columbus, Ohio 43215
(614) 340-5558
ttarney@grsm.com
*Counsel for Defendant First Title Agency, Inc.*

132.  <u>Governing Law.</u> This Agreement shall be construed and governed in accordance with federal procedural law and the substantive laws of the State of Ohio, without regard to Ohio's conflict-of-laws principles.

133.  <u>Jurisdiction</u>. Without affecting the finality of any order, the Court shall retain jurisdiction over the Parties and the Agreement with respect to implementation and enforcement the terms of the Settlement, specifically United States District Judge Douglas R. Cole to the extent possible. All Settling Parties and Class Members submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement and this Agreement and all related matters.

134.  <u>No Drafter.</u> None of the Parties to this Agreement shall be considered to be the primary drafter of this Agreement or any part of it for purposes of any rule of construction or interpretation.

44

135.    <u>Construction</u>. This Agreement shall not be construed more strictly against one Party than another, or in favor of one Party or another, merely by virtue of the fact that it or any part of it may have been prepared by counsel for one of the Parties. This Agreement and each part of it is the result of arm's-length negotiations among the Parties.

136.    <u>Counterparts</u>. This Agreement may be executed in counterparts, including signature transmitted by facsimile or in PDF format. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

137.    <u>Signature</u>. By signing, all counsel and any other person signing this Agreement represent and warrant that they have full authority to do so and that they have the authority to take appropriate action to effectuate the terms of this Agreement.

Dated: December 14, 2024.

**On Behalf of the Plaintiffs and the Class:**

| | |
|---|---|
| **Compound Property Management, LLC**, an Ohio limited liability company | **R & G Cincy Investments, LLC**, an Ohio limited liability company |

By: _Theresa Robinson_
        Theresa Robinson (Dec 30, 2024 12:32 EST)

Print: Theresa Robinson

Its: Owner

By: _____

Print: _____

Its: _____

| | |
|---|---|
| **Leone1, LLC**, an Ohio limited liability company | **Pyramid Investment Group, LLC**, an Ohio limited liability company |

By: _____

Print: _____

Its: _____

By: _____

Print: _____

Its: _____

135. <u>Construction</u>. This Agreement shall not be construed more strictly against one Party than another, or in favor of one Party or another, merely by virtue of the fact that it or any part of it may have been prepared by counsel for one of the Parties. This Agreement and each part of it is the result of arm's-length negotiations among the Parties.

136. <u>Counterparts</u>. This Agreement may be executed in counterparts, including signature transmitted by facsimile or in PDF format. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

137. <u>Signature</u>. By signing, all counsel and any other person signing this Agreement represent and warrant that they have full authority to do so and that they have the authority to take appropriate action to effectuate the terms of this Agreement.

Dated: December 14, 2024.

**On Behalf of the Plaintiffs and the Class:**

**Compound Property Management, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**R & G Cincy Investments, LLC**,
an Ohio limited liability company

By: _____
Gwendolyn Broadnax (Dec 28, 2024 21:12 EST)

Print: Gwendolyn Broadnax

Its: Retired

**Leone1, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**Pyramid Investment Group, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____

135.  <u>Construction</u>. This Agreement shall not be construed more strictly against one Party than another, or in favor of one Party or another, merely by virtue of the fact that it or any part of it may have been prepared by counsel for one of the Parties. This Agreement and each part of it is the result of arm's-length negotiations among the Parties.

136.  <u>Counterparts</u>. This Agreement may be executed in counterparts, including signature transmitted by facsimile or in PDF format. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

137.  <u>Signature</u>. By signing, all counsel and any other person signing this Agreement represent and warrant that they have full authority to do so and that they have the authority to take appropriate action to effectuate the terms of this Agreement.

Dated: December 14, 2024.

**On Behalf of the Plaintiffs and the Class:**

**Compound Property Management, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**R & G Cincy Investments, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**Leone1, LLC**,
an Ohio limited liability company

*Richard Hardin*
Richard Hardin (Dec 27, 2024 15:19 EST)
By: _____

Print: Richard Hardin
_____

Its: Member
_____

**Pyramid Investment Group, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____

135. <u>Construction</u>. This Agreement shall not be construed more strictly against one Party than another, or in favor of one Party or another, merely by virtue of the fact that it or any part of it may have been prepared by counsel for one of the Parties. This Agreement and each part of it is the result of arm's-length negotiations among the Parties.

136. <u>Counterparts</u>. This Agreement may be executed in counterparts, including signature transmitted by facsimile or in PDF format. Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

137. <u>Signature</u>. By signing, all counsel and any other person signing this Agreement represent and warrant that they have full authority to do so and that they have the authority to take appropriate action to effectuate the terms of this Agreement.

Dated: December 14, 2024.

**On Behalf of the Plaintiffs and the Class:**

**Compound Property Management, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____


**R & G Cincy Investments, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____


**Leone1, LLC**,
an Ohio limited liability company

By: _____

Print: _____

Its: _____


**Pyramid Investment Group, LLC**,
an Ohio limited liability company

By: _*Fatima T. Jones*_____

Print: Fatima Peeples_____

Its: Managing Member_____

**Ratio Models, LLC**,

an Ohio limited liability company

By:  *Jonathan Hofmann*
_____
Jonathan Hofmann (Dec 27, 2024 10:44 EST)

Print:  Jonathan Hofmann
_____

Its:  Owner
_____

**On Behalf of Defendants:**

**Build Realty, Inc.**,

an Ohio corporation

By:  _____

Print:  _____

Its:  _____

**McGregor Holdings, LLC**,

an Ohio limited liability company

By:  _____

Print:  _____

Its:  _____

**Edgar Construction, LLC**,

an Ohio limited liability company

By:  _____

Print:  _____

Its:  _____

**Build NKY, LLC**,

an Ohio limited liability company

By:  _____

Print:  _____

Its:  _____

**Cowtown Holdings, LLC**,

an Ohio limited liability company

By:  _____

Print:  _____

Its:  _____

**Greenleaf Support Services, LLC**,

an Ohio limited liability company

By:  _____

Print:  _____

Its:  _____

46

**Ratio Models, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**On Behalf of Defendants:**

**Build Realty, Inc.,**
an Ohio corporation

By: _____

Print: _GARY BAILEY_____

Its: _President_____

**Edgar Construction, LLC,**
an Ohio limited liability company

By: _____

Print: _GARY BAILEY_____

Its: _managing exec. member_____

**Cowtown Holdings, LLC,**
an Ohio limited liability company

By: _____

Print: _GARY BAILEY_____

Its: _managing exec. member_____

**McGregor Holdings, LLC,**
an Ohio limited liability company

By: _____

Print: _GARY BAILEY_____

Its: _managing exec. member_____

**Build NKY, LLC,**
an Ohio limited liability company

By: _____

Print: _GARY BAILEY_____

Its: _managing exec. member_____

**Greenleaf Support Services, LLC,**
an Ohio limited liability company

By: _____

Print: _GARY BAILEY_____

Its: _managing exec. member_____

46

**Build SWO, LLC,**
an Ohio limited liability company

By: _____

Print: _GARY BAILEY_____

Its: _managing exec. member_____

**GT Financial, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____

_____
**Gary Bailey**, Individually

_____
**George Triantafilou**, Individually

**G2 Technologies, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**First Title Agency, Inc.**,
an Ohio corporation

By: _____

Print: _____

Its: _____

**On Behalf of Plaintiffs' Counsel (as to Section XIII):**

**Finney Law Firm, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**Markovits, Stock & DeMarco, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**Build SWO, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**GT Financial, LLC,**
an Ohio limited liability company

By: _George Triantafilou_

Print: _George Triantafilou_

Its: _Member_

_George Triantafilou_

**Gary Bailey**, Individually

**George Triantafilou**, Individually

**G2 Technologies, LLC,**
an Ohio limited liability company

By: _George Triantafilou_

Print: _George Triantafilou_

Its: _Member_

**First Title Agency, Inc.,**
an Ohio corporation

By: _Patrick R. Conners, VP_

Print: Patrick R. Conners

Its: Vice President

**On Behalf of Plaintiffs' Counsel (as to Section XIII):**

**Finney Law Firm, LLC,**
an Ohio limited liability company

By: _Christopher P. Finney_
    AFD4E04ECE1441E...

Print: Christopher P. Finney

Its: President

**Markovits, Stock & DeMarco, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____

**Build SWO, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____


_____
**Gary Bailey**, Individually


**G2 Technologies, LLC,**
an Ohio limited liability company

By: *George Triantafilou*

Print: *George Triantafilou*

Its: *Member*


**GT Financial, LLC,**
an Ohio limited liability company

By: *George Triantafilou*

Print: *George Triantafilou*

Its: *Member*


*George Triantafilou*
**George Triantafilou**, Individually


**First Title Agency, Inc.,**
an Ohio corporation

By: *Patrick R. Conners, VP*

Print: Patrick R. Conners

Its: Vice President


**On Behalf of Plaintiffs' Counsel (as to Section XIII):**

**Finney Law Firm, LLC,**
an Ohio limited liability company

By: _____

Print: _____

Its: _____


**Markovits, Stock & DeMarco, LLC,**
an Ohio limited liability company

By: */s/ W.B. Markovits*, per email authorization
January 6, 2025

Print: W.B. Markovits

Its: Member


47

**On Behalf of Defendants' Counsel (as to Section XIII):**

**Strauss Troy Co., LPA,**
an Ohio licensed professional association

By: _____

Print: _____ Alex Rodger _____

Its: _____ Sharholder _____

**Vorys, Sater, Seymour and Pease, LLP,**
an Ohio limited liability partnership

By: _____

Print: _____

Its: _____

**Gordon Rees Scully Mansukhani, LLP,**
a California limited liability partnership

By: _____

Print: _____ Tyler Tarney _____

Its: _____ Partner _____

**On Behalf of Defendants' Counsel (as to Section XIII):**

**Strauss Troy Co., LPA**,
an Ohio licensed professional association

By: _____

Print: _____

Its: _____

**Vorys, Sater, Seymour and Pease, LLP**,
an Ohio limited liability partnership

By: _____

Print: Joseph M. Brunner_____

Its: Partner_____

**Gordon Rees Scully Mansukhani, LLP,**
a California limited liability partnership

By: _____

Print: Tyler Tarney_____

Its: Partner_____

48

# EXHIBIT

# A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| COMPOUND PROPERTY MANAGEMENT LLC, et al., | : | Case No. 1:19-CV-00133 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge Douglas R. Cole |
| v. | : | |
| | : | |
| BUILD REALTY, INC. dba GREENLEAF FUNDING, et al., | : | **Notice of Class Action Settlement that May Affect Your Rights** |
| | : | |
| Defendants. | : | |

*The United States District Court for the Southern District of Ohio authorized this Notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Build Realty, Inc.; Edgar Construction, LLC; Cincy Construction, LLC; McGregor Holdings, LLC; Cowtown Holdings, LLC; Build NKY, LLC; Greenleaf Support Services, LLC; Build SWO, LLC; Gary Bailey; George Triantafilou; G2 Technologies, LLC; GT Financial, LLC; and First Title Agency, Inc. (collectively "Defendants").

- Judge Douglas R. Cole of the United States District Court for the Southern District of Ohio is overseeing this class action. The case is called *Compound Property Management LLC, et al. v. Build Realty, Inc. d/b/a Greenleaf Funding, et al.*, Case No. 1:19-cv-133 (S.D. Ohio). The individual entities who filed this lawsuit (known as the "Plaintiffs") contend that Defendants violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO Act") and breached fiduciary duties while engaging in a property-flipping business. Defendants completely deny Plaintiffs' allegations.

- The Members of the Class are Plaintiffs and all other persons and entities in Ohio and Kentucky, individually and collectively, that invested in real property and were named as beneficiaries to a trust created through a real estate transaction engaged in by, through, or with any of the Defendants named herein during the Class Period. The Class Period is February 1, 2013, through May 24, 2019.

- The following are expressly excluded from the Class and not entitled to settlement benefits: Defendants and their past or present officers, employees, agents, directors, lawyers, and immediate family members; judicial officers and their immediate family members and associated Court staff assigned to this case; and any entities owned or controlled by an individual excluded from the Class.

- Pursuant to a settlement reached between the Plaintiffs and the Defendants, a $1,300,000 Settlement Fund will be established for distribution to eligible Class Members. Although the exact amount of each payment will depend on factors such as the total number of claims approved, *it is estimated that each valid claimant will receive between $5,000 and $20,000*. To receive this payment, you <u>must</u> submit a claim form on or before DATE by following the instructions below. Your legal rights are affected regardless of whether you act or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive money from this Settlement. The deadline to submit a Claim Form is <<Date>>. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Defendant and the issues in this case. You may download an exclusion form at BuildRealtyClassAction.com. The deadline to exclude yourself from the Settlement is <<Date>>. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court explaining why you do not agree with the Settlement. The deadline to object is <<Date>>. |
| **ATTEND THE FINAL APPROVAL HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing. The Final Approval Hearing will be held on <<Date>> at <<Time>>. |
| **DO NOTHING** | You get no payment and you give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice. For complete details, please see the Settlement Agreement, whose terms control, available at BuildRealtyClassAction.com.

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes final.

## BASIC INFORMATION

### What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with Defendants. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

## What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Compound Property Management, LLC, Leone 1, LLC, R & G Cincy Investments, LLC, Pyramid Investment Group, LLC, and Ratio Models, LLC—sue on behalf of a group of people or entities who may have similar claims. Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class.

On February 21, 2023, the Court determined that this case could proceed as a class action. *See Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378 (S.D. Ohio 2023). A copy of the Court's decision certifying this case as a class action can be located on the court's public docket or at BuildRealtyClassAction.com.

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

## What is this lawsuit about?

Plaintiffs alleged that Defendants violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO Act") and breached fiduciary duties while engaged in a property-flipping business.

Defendants completely deny that they are or can be held liable for the claims made in the lawsuit. More information about the allegations in the lawsuit and Defendants' responses can be found on the court's public docket or in the "Court Documents" section of the Settlement Website at BuildRealtyClassAction.com.

## Why is there a Settlement?

The Court has not decided whether the Plaintiffs or Defendants should win this case. Instead, both sides agreed that this Settlement was preferable to avoid the uncertainty, risks, and expense of ongoing litigation, and Class Members will get compensation now rather than years later—if ever. Plaintiffs and Class Counsel believe the Settlement is in the best interests of the Class Members. The Settlement is not an admission of wrongdoing by Defendants.

### WHO IS INCLUDED IN THE SETTLEMENT?

## How do I know if I am in the Settlement Class?

The Class Members in this case include Plaintiffs and all other persons and entities in Ohio and Kentucky, individually and collectively, that invested in real property and were named as beneficiaries to a trust created through a real estate transaction engaged in by, through, or with any of the Defendants named herein during the Class Period. The Class Period is February 1, 2013, through May 24, 2019.

The following individuals and entities are excluded from the Class: Defendants and their past or present officers, employees, agents, directors, lawyers, and immediate family members; judicial

officers and their immediate family members and associated Court staff assigned to this case; and any entities owned or controlled by an individual excluded from the Class.

If you have reviewed this notice and are still not sure whether you or your company are included as Class Members in this settlement, you can contact Class Counsel to ask questions by calling toll-free at <<**Settlement Toll-Free Number**>> or by emailing info@BuildRealtyClassAction.com.

### THE SETTLEMENT BENEFITS

**What does the Settlement provide?**

The parties have agreed to settle this lawsuit for $1,300,000. From the money initially deposited into the Settlement Fund (projected to be at least $1,025,000), Class Members who submit valid claims will receive cash payments *estimated to be between $5,000 and $20,000*. To receive this payment, you <u>must</u> submit a claim form following the instructions below. The exact amount of each cash payment will be calculated on a pro rata basis from the money remaining in the initial fund after the payment of settlement administration costs, attorneys' fees, expenses, and any Class Representative Service Awards.

### HOW TO GET BENEFITS

**How do I make a Claim?**

To qualify for a cash payment, you must complete and mail back the Claim Form that was provided to you. An envelope with prepaid postage to return the Claim Form has been provided to Class Members for whom the parties have a valid mailing address. Alternatively, you may complete and submit a claim form online at www.BuildRealtyClassAction.com. **Your claim form must be postmarked or submitted no later than DATE.**

You can also contact the Settlement Administrator to request a paper claim form by telephone (1-800-XXX-XXXX), email (info@BuildRealtyClassAction.com), or U.S. mail (MAILING ADDRESS).

Claims will be subject to a verification process. You will need the Unique ID provided on the front of your postcard Notice (or the top of your email notice) to fill out a Claim Form, as well as your Social Security Number (or the Tax Identification Number of the company you are submitting a claim for). If you do not know your Unique ID, please contact the Settlement Administrator. Claims that do not provide all necessary information will likely be denied.

**When will I get my payment?**

The hearing to consider the fairness of the Settlement is scheduled for <<DATE>>., <<TIME>>. If the Court approves the Settlement, eligible Settlement Class Members whose Claims were approved by the Settlement Administrator will be sent payment after all appeals and other reviews, if any, are completed. Please be patient. Eligible claims will be paid to Class Members via written check. All checks will expire and become void 180 days after they are issued.

THE LAWYERS REPRESENTING YOU

## Do I have a lawyer in this case?

Yes, the Court has appointed lawyers to represent the Class and its members. These lawyers are called Class Counsel. Class Counsel includes W.B. Markovits and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202 and Christopher P. Finney and Casey Jones of Finney Law Firm, LLC, 4270 Ivy Pointe Blvd., Suite 225, Cincinnati, OH 45245.

**Should I get my own lawyer?**

You don't need to hire your own lawyer because Class Counsel are working on your behalf. These lawyers and their firms are experienced in handling similar cases. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you, at your own cost, if you want someone other than Class Counsel to represent you.

## How will the lawyers be paid?

Class Counsel will request an award of reasonable attorneys' fees and expenses to be paid from the Settlement Fund. Defendants have agreed not to oppose: (i) any request for Administration and Notice Expenses of up to $13,000; (ii) Attorneys' Fees of up to one third of the Common Fund as of the date when the Settlement Administrator is prepared to distribute funds, and an additional fee of any payments received by Defendants following that date; (iii) Expenses of up to $175,000; and (iv) a Service Award of up to $10,000 for each Plaintiff.

It is not a condition of the Settlement or this Agreement that the Court award any particular amount of Attorneys' Fees and Expenses or any particular amount as a Service Award. The Court will ultimately determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any service awards to the Class Representative. The Court may award less than the amounts requested.

## Will the Plaintiffs receive additional compensation?

The Plaintiffs who filed this case (also known as the "Class Representatives") will request additional service awards of up to $10,000 each to compensate them for the time and effort they have spent furthering the interests of the Class in this case. Defendants have agreed not to oppose this request, which must ultimately be reviewed and approved by the Court.

YOUR RIGHTS AND OPTIONS

## What claims do I give up by participating in this Settlement?

If you do not exclude yourself from the Settlement, you will not be able to bring your own lawsuit against Defendants about the issues and facts relating to this case, and you will be bound by all decisions made by the Court in this case, the Settlement, and its included Release. This is true regardless of whether you submit a Claim Form. You can read the Settlement Agreement at

www.BuildRealtyClassAction.com. However, you may exclude yourself from the Settlement. If you exclude yourself, you will not receive any money from this settlement, but you also will not release any of the Released Claims.

"Released Claims" means any and all claims or causes of action of every kind and description, in all U.S. states and territories, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief … that have been or could have been asserted in the Lawsuit or in any other action or proceeding before any court, arbitrator(s), tribunal or administrative body (including but not limited to any state, local or federal regulatory body), regardless of whether the claims or causes of action are based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, and regardless of whether they are known or unknown, brought or could have been brought, foreseen or unforeseen, suspected or unsuspected, or fixed or contingent, so long as they are arising out of, or related or connected to the claims in the Lawsuit.

Regardless of whether you submit a claim, the Settlement will <u>not</u> release any claims of Class Members that are unrelated to the allegations against the Defendants in the Complaint or that arise from conduct occurring after the execution of the Settlement Agreement. You can learn more about the Released Claims and Released Parties by reviewing the Settlement Agreement at Paragraphs ###. The Settlement Agreement is available at www.BuildRealtyClassAction.com or in the public court records on file in this lawsuit.

## What happens if I do nothing at all?

If you do nothing, you will receive <u>no payment</u> under the Settlement. You will be in the Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to its provisions. Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against Defendant for the claims or legal issues resolved in this Settlement.

## What happens if I ask to be excluded?

If you opt out of the Settlement, you will not have any rights as a member of the Class under the Settlement terms; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on the claims alleged in this lawsuit at your own expense.

## How do I ask to be excluded?

To exclude yourself from the settlement (also known as "opting out"), send an email to optout@BuildRealtyClassAction.com or mail a letter to ADDRESS. The request must be received or postmarked by DATE and (a) reference the case name (b) state your name and investor LLC name(s), (c) state your Class Identification number of «Class_ID», and (d) state that you would like to opt out or exclude yourself from the Class.

You cannot exclude yourself by phone. Each Class Member who wants to be excluded from the Settlement must submit its own exclusion request in writing. No group opt-outs shall be permitted.

## If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## How do I object to the Settlement?

If you did not exclude yourself from the Class and think that the Court should not approve the settlement, you can object to the Settlement and provide reasons why you think the settlement should not be approved. Any objection must be filed with the Court no later than DATE.

To object, a Class Member must timely file with the Court a written objection and a notice of intent to appear at the Final Fairness Hearing, if the objector chooses to appear at the Final Fairness Hearing. The filing date of any written objection will be the exclusive means for determining the timeliness of an objection. Objections must contain the following information: (i) the full name, address, telephone number, and email address of the objector; (ii) the name of the limited liability company that is the Class Member, and proof that the person filing the objection has authority to represent that company; (iii) a written statement of all grounds for the objection accompanied by any legal support for such objection; (iv) copies of any papers, briefs, or other documents on which the objection is based; (v) a list of all cases in which the objector and/or objector's counsel have filed or in any way participated in, financially or otherwise, any objection to a class action settlement in the preceding five years; (vi) the name, address, email address, and telephone number of all attorneys representing the objector; (vii) a statement indicating whether the objector and/or the objector's counsel intends to appear at the Final Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and, (viii) the objector's signature.

## What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

## When and where will the Court hold a hearing on the fairness of the Settlement?

The Court will hold the Final Approval Hearing on <<FinalApprovalHearingDateandTime>> at the <<CourtAddress>>. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the Service Award Payment to the Class Representatives.

**Note**: The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the Settlement Website, www.BuildRealtyClassAction.com, or through

the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

## Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have, but you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend on your behalf at your own expense, but you don't have to.

## May I speak at the Hearing?

Yes. If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement.

### GETTING MORE INFORMATION

## Where can I get additional information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at www. BuildRealtyClassAction.com.

YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR ONLINE AT www.BuildRealtyClassAction.com, BY CALLING TOLL-FREE AT, <<SETTLEMENT TOLL FREE NUMBER>>, BY EMAIL AT info@ BuildRealtyClassAction.com, OR WRITING TO:

*[ADDRESS]*

**PLEASE DO <u>NOT</u> CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

# EXHIBIT

# B

**Build Realty Class Action Settlement
Claim Administrator
[ADDRESS]**

**VIA ORDINARY MAIL**
«Investor»
c/o «Statutory_Agent_CO»
«Address_Line_One»
«Address_Line_Two»
«City», «State» «Zip»

RE:    **Notice of Class Action Settlement
Compound Property Management LLC, et al. v. Build Realty, Inc.
d/b/a Greenleaf Funding, et al., Case No. 1:19-cv-133 (S.D. Ohio)**

*The United States District Court for the Southern District of Ohio authorized this Notice. You are not being sued. This is not a solicitation from a lawyer. Please read this Notice and visit BuildRealtyClassAction.com for more information.*

**IMPORTANT MESSAGE FROM THE COURT:** A settlement that may affect your rights has been reached in a class action lawsuit currently pending against Defendants Build Realty, Inc.; Edgar Construction, LLC; Cincy Construction, LLC; McGregor Holdings, LLC; Cowtown Holdings, LLC; Build NKY, LLC; Greenleaf Support Services, LLC; Build SWO, LLC; Gary Bailey; George Triantafilou; G2 Technologies, LLC; GT Financial, LLC; and First Title Agency, Inc. (collectively "Defendants"). ***You may be entitled to cash benefits upon the submission of a valid claim form.***

**What this Case is About.** The individuals who filed this lawsuit (known as the "Plaintiffs") contend that Defendants violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO Act") and breached fiduciary duties when they allegedly engaged in a pattern of defrauding investors through a property-flipping business enterprise. Defendants completely deny Plaintiffs' allegations.

**What the Settlement Provides.** Pursuant to a settlement reached between the Plaintiffs and the Defendants, a $1,300,000 Settlement Fund will be established for distribution to eligible Class Members. From this Settlement Fund, Class Members are eligible to receive *pro rata* cash payments of the money remaining in the fund after the payment of settlement administration costs, attorneys' fees, expenses, and any Class Representative Service Awards. Although the exact amount of each *pro rata* payment will depend on factors like the total number of claims approved and the amount of attorneys' fees awarded, ***it is estimated that each valid claimant will receive a payment between $5,000 and $20,000***. To receive this payment, you <u>must</u> submit a claim form on or before **DATE** by following the instructions below.

«Investor»
<<Date>>
Page 2

**Who is Included as a Class Member?** The Class includes Plaintiffs and all other persons and entities in Ohio and Kentucky, individually and collectively, that invested in real property and were named as beneficiaries to a trust created through a real estate transaction engaged in by, through, or with any of the Defendants named herein during the Class Period. The Class Period is February 1, 2013, through May 24, 2019.

**Who is Excluded?** The following are not eligible to receive settlement benefits: Defendants and their past or present officers, employees, agents, directors, lawyers, and immediate family members; judicial officers and their immediate family members and associated Court staff assigned to this case; and any entities owned or controlled by an individual excluded from the Class.

## <u>YOUR OPTIONS</u>

**Submit a Claim.** You may submit a claim for cash benefits. However, by receiving a cash payment (estimated to be between $5,000 and $20,000), you waive your right to any claim relating to the subject matter of this lawsuit.

To qualify for a cash payment, you must complete and mail back the Claim Form that is included with this notice. An envelope with prepaid postage has been provided for your convenience. Alternatively, you may complete and submit a claim form online at **www.BuildRealtyClassAction.com**. Your claim form must be postmarked or submitted on or before **DATE**. Claims that do not meet the requirements may be denied.

**Opt Out.** You may exclude yourself from the Settlement and retain your ability to assert claims relating to this lawsuit on your own. However, if you do this, you will <u>not</u> receive any money from the settlement in this case. To exclude yourself from the settlement, send an email to optout@BuildRealtyClassAction.com or mail a letter to **ADDRESS**. The request must be received or postmarked by **DATE** and (a) reference the case name (b) state your name and investor LLC name(s), (c) state your Class Identification number of «**Class_ID**», and (d) state that you would like to opt out or exclude yourself from the Class.

**Object.** If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be filed with the Court no later than **DATE**. Furthermore, objections must include: (a) the full name, address, telephone number, and email address of the objector and any attorneys representing the objector; (b) the name of the limited liability company that is the Class Member, and proof that the person filing the objection has authority to represent that company; (c) a written statement of all grounds for the objection accompanied by any legal support for such objection; (d) copies of any papers, briefs, or other documents on which the objection is based; (e) a list of all cases in which the objector and/or objector's counsel have filed or in any way participated in, financially or otherwise, any objection to a class action settlement in the preceding five years; (f) a statement indicating whether the objector and/or the objector's counsel intends to appear at the Final Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and (g), the objector's signature.

«Investor»
<<Date>>
Page 3

**Do Nothing.** If you do nothing, you will not receive a Settlement payment and will lose any right you may have to assert a claim relating to the subject matter of the lawsuit.

**Attend the Final Approval Hearing.** The Court has scheduled a hearing for <<FinalApprovalDate>>, to decide whether to approve the Settlement; the amount of attorneys' fees, costs, and expenses to be awarded to Class Counsel; the amount of service awards for Class Representatives; and any objections. If you object to the settlement, you or your attorney may request permission from the Court to speak about your objection at the hearing.

### ADDITIONAL FAQS

**Do Class Members have a lawyer representing their interests in this case?** Yes. The Court has appointed lawyers to represent the Class and its members. These lawyers are called Class Counsel. Class Counsel includes W.B. Markovits of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202 and Christopher P. Finney, Finney Law Firm, LLC, 4270 Ivy Pointe Blvd., Suite 225, Cincinnati, OH 45245.

**Do I have any obligation to pay attorneys' fees or expenses?** No. Class Counsel will request an award of reasonable attorneys' fees and expenses to be paid from the Settlement Fund. Defendants have agreed not to oppose: (i) any request for Administration and Notice Expenses of up to $13,000; (ii) Attorneys' Fees of up to one third of the Common Fund as of the date when the Settlement Administrator is prepared to distribute funds, and an additional fee of any payments received by Defendants following that date; and (iii) litigation expenses of up to $175,000. The motion for fees and expenses will be posted on **BuildRealtyClassAction.com** once it is filed.

**Will the Plaintiffs Receive Additional Compensation?** Plaintiffs will seek Service Awards up to $10,000 each to be paid from the Settlement Fund as compensation for their time and effort on behalf of the Settlement Class in this case.

**Should I get my own lawyer?** While you do not need to hire your own lawyer if you are a Class Member, you are welcome to participate in this action by hiring your own lawyer who may file a Notice of Appearance with the Court.

**Where do I get more information?** This Notice just contains a summary. Additional information and relevant documents, including full copies of the Settlement Agreement and Long Form Settlement Notice, can be found online at **BuildRealtyClassAction.com**. You may also ask questions by sending an email to **info@BuildRealtyClassAction.com** or calling **PHONE NUMBER**.

*Please DO NOT contact the Court or Judge.*
*They cannot answer any questions or discuss this action.*

# EXHIBIT

# C

## <u>BUILD REALTY CLASS ACTION</u>

TO BE VALID, THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE AT
*BuildRealtyClassAction.com* NO LATER THAN <mark><<CLAIM DEADLINE>></mark>.

**ATTENTION: This Claim Form should be used to apply for a cash payment from the Settlement Fund created by the proposed class action settlement in *Compound Property Management LLC, et al. v. Build Realty, Inc. d/b/a Greenleaf Funding, et al.*, Case No. 1:19-cv-133 (S.D. Ohio). It is estimated that each Class Member who submits a valid claim will receive a payment of between <mark>$5,000 and $20,000</mark>.**

Class Members eligible to receive a cash payment include the Plaintiffs in this case and all other persons and entities in Ohio and Kentucky, individually and collectively, that invested in real property and were named as beneficiaries to a trust created through a real estate transaction engaged in by, through, or with any of the Defendants named herein during the Class Period. The Class Period is February 1, 2013, through May 24, 2019.

The following individuals are excluded from the Class and are not eligible to receive benefits under the settlement: Defendants and their past or present officers, employees, agents, directors, lawyers, and immediate family members; judicial officers and their immediate family members and associated Court staff assigned to this case; and any entities owned or controlled by an individual excluded from the Class.

**Please review this entire Claim Form before submitting your claim.** Failure to follow the instructions or complete all necessary parts of the Claim Form may result in denial of the Claim, delay its processing, or otherwise adversely affect the Claim. If you have questions, please visit the Settlement Website at BuildRealtyClassAction.com or call <mark><<Settlement Toll Free Phone Number>>.</mark>

***THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE BY*** <mark>***<<CLAIM DEADLINE>***</mark>

***Instructions***. Please provide the information requested below and mail this Claim Form back to the Settlement Administrator or submit it online at <mark>BuildRealtyClassAction</mark>.com. If your claim is determined valid, you will receive a cash payment to the address provided below in the form of a check.

First Name:                                                 MI:   Last Name:

Your Mailing Address:

City:                                                         State:       Zip Code:

Your Telephone Number:

                —           —

***CLAIM FORM CONTINUES ON FOLLOWING PAGE***

Your Email Address:

Legal Name of Company You Are Submitting a Claim For:

*Either* the Tax Identification Number of the Company You Are Submitting a Claim For, *or*,

Your Social Security Number:

## CLASS MEMBER AFFIRMATION

By submitting this Claim Form and signing my name below, I declare under penalty of perjury that (1) I am an authorized representative of the company that I am submitting a claim on behalf of; (2) I have never worked for one of the Defendants as an officer, employee, agent, director, or lawyer, nor have any of my direct family members; (3) the company I am submitting a claim on behalf of (including its officers, members, or owners) has never worked for one of the Defendants as an officer, employee, agent, director, or lawyer; and (4) all of the information provided in this Claim Form is true and accurate to the best of my knowledge.

Signature: _____     Date: [  ][  ] – [  ][  ] – [  ][  ]
                                                    MM       DD       YY