UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| COMPOUND PROPERTY MANAGEMENT LLC, et al., | : : : | Case No. 1:19-CV-00133 |
| Plaintiffs, | : : | Judge Douglas R. Cole |
| v. | : : | |
| BUILD REALTY, INC. dba GREENLEAF FUNDING, et al., | : : : | |
| Defendants. | : | |

**DECLARATION OF W.B. MARKOVITS IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, W.B. Markovits, declare as follows:

1. I am a partner in the law firm of Markovits, Stock & DeMarco, LLC ("MSD"), one of two firms representing Plaintiffs and the Class. My firm's co-counsel in representing the Plaintiffs and Class in this matter is the Finney Law Firm.

2. I received my Juris Doctorate degree from Harvard Law School in 1981 and have practiced complex civil litigation, including class action litigation, for over 40 years. I am a member in good standing of the Bar of the Ohio Supreme Court and have never been the subject of any disciplinary proceedings.

3. As the Court previously recognized, "the Finney Law Firm specializes, in part, in commercial real estate law, while Markovits, Stock & DeMarco specializes in class actions, making the combination of the two effective given the nature of the claims here." *Compound Prop. Mgt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378, 413 (S.D. Ohio 2023). I have significant experience as lead counsel in class action cases. *See, e.g., In re Fannie Mae Securities Litigation*, Case No.

04-cv-1439 (D.D.C.) (lead counsel in court-approved $133 million settlement); *Williams v. Duke Energy*, No. 1:08-cv-0046 (S.D. Ohio) (lead counsel in court-approved $80.875 million settlement); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414 (S.D. Ohio) (lead counsel in court-approved $4,250,000.00 settlement).

4. Dylan Gould and the other members of my firm who worked on this case are experienced in class action litigation as well. *See, e.g., In re Advocate Aurora Health Pixel Litig.*, No. 22-CV-1253-JPS (E.D. Wis.) (appointing Mr. Gould as a member of class counsel in action that gained final approval of $12,225,000 non-reversionary common fund settlement); *Pederson v. AAA Collections, Inc*., No. 4:22-cv-04166-RAL (D.S.D.) (same in action that gained approval of $865,000 non-reversionary common fund settlement); *Lutz v. Electromed, Inc*., No. 21-cv-2198 (D. Minn.) (same in action that gained approval of $825,000 non-reversionary common fund settlement).

5. As a member of class counsel in this matter, I oversaw my firm's daily work on this case and am intimately aware of my firm's representation of Plaintiffs and the Class in this matter. My firm has worked on this case along with co-counsel since 2018 (when it was still pending in state court) and has expended considerable time and expense in pursuit of this case, including extensive factual investigation, review of potentially applicable claims, preparing and filing pleadings, informal discovery and review, consultation with experts, review of applicable federal, Ohio, and Kentucky law, and extensive mediation efforts.

6. As established by the record at class certification, Plaintiffs are adequate class representatives who have remained actively involved in this case. *See* Doc. 223 at PageID 10512-18. Plaintiffs intend to submit declarations with their request for service awards detailing their involvement in this case and supporting the reasonableness of their requests.

7. The proposed Settlement in this case is the result of extensive arm's-length negotiations under the Court's supervision. On April 10, 2024, the parties entered mediation under the guidance of Magistrate Judge Stephanie K. Bowman. *See* Minute Entry (April 10, 2024). The matter was not resolved during that initial mediation, but the parties agreed to continue negotiations. *See id*. The parties continued to negotiate under Judge Bowman's supervision but were unsuccessful in reaching a resolution. *See* Minute Entry (June 13, 2024). On June 13, 2024, Judge Bowman ordered this matter back to the docket of Judge Cole. *Id*. On July 16, 2024, the Court held a discovery conference during which the issue of settlement was again raised. *See* Minute Entry (July 16, 2024). During this status conference, the parties agreed to renew mediation under the supervision of Judge Cole. *See id*. On August 23, 2024, the Court held a mediation session that was attended by representatives for all remaining Defendants. *See* Minute Entry (August 23, 2024). During this mediation session, the parties discussed the framework of a potential resolution. Although a settlement in principle was not reached that day, the parties continued negotiations under the guidance of the Court. On October 16, 2024, the Court submitted a mediator's proposal. After some additional negotiation based upon that mediator's proposal, the Parties reach an agreement in principle on October 30, 2024.

8. Based on my experience with class action cases, I believe the Settlement of this case is fair, reasonable and adequate, and provides an outstanding benefit to putative Class Members, particularly taking into account what the Class Members will receive under the Settlement compared to the risks and delay of continued litigation, and the potential problems associated with collection of any judgment obtained.

## NOTICE PROGRAM

9. The notice program proposed by the settlement administrator, Simpluris, is designed to reach as many Class Members as practicable under the circumstances. Simpluris will

3

provide both mail and email notice (when available) informing Class Members of their rights under the Settlement. Simpluris has agreed to cap its expenses in this matter at $13,000 (barring any material changes to the requested notice and claim program).

10. When sending notice of the previous class certification order in this case, Class Counsel estimated that we successfully delivered direct notice to 94.77% of the Class. *See* Docs. 248-1, 255-1. Class Counsel calculated this based on the number of mail and email notices returned undeliverable. Simpluris will likely improve on this direct notice rate after running skip traces on Class Members' addresses.

### FEES, EXPENSES, AND SERVICE AWARDS

11. Defendants have agreed not to oppose (i) any request for Administration and Notice Expenses of up to $13,000; (ii) Attorneys' Fees of up to one third of the Common Fund as of the date when the Settlement Administrator is prepared to distribute funds (i.e., the scheduled date of First Title's final payment), and an additional fee of any payments received from Defendants following that date; (iii) litigation expenses of up to $175,000; and (iv) a Service Award of up to $10,000 for each Plaintiff. However, it is not a condition of the Settlement or this Agreement that the Court award any particular amount of fees, expenses, or service awards.

12. Even if the Build Defendants do not pay any money until after benefits have been disbursed to the Class, the maximum fee obtained by Class Counsel would be $616,666.67, *i.e.*, 47.44% of the maximum $1,300,000 Common Fund. Under this scenario, Class Counsel would receive a lump sum payment totaling one-third of the $1,025,000 common fund made available for distribution to the Class (i.e., $341,666.66), plus the $275,000 that would potentially be paid by the Build Defendants in monthly installments over a period exceeding ten years. *See* S.A. ¶¶ 74-75, 102-103. This is the maximum fee that Class Counsel could receive under the proposed

settlement structure. To the extent the Build Defendants contribute any money to the settlement before distribution to the Class, Class Counsel's fee will be less.

13. Class Counsel took this case on a contingent basis and dedicated substantial time, effort, and expense to its prosecution over the years it has been pending. Had this case been dismissed, Class Counsel would not have received anything for their time, effort, and expense. Even with the success that Plaintiffs have had against the Defendants still pending in this action, it is not guaranteed that Plaintiffs would prevail in the face of a motion for summary judgment or trial. To date, Defendants deny liability and maintain that they would continue to vigorously defend this case should the settlement not be approved.

14. To date, my firm has spent more than 4,488 hours prosecuting this case for a corresponding lodestar in excess of $1,966,238. This does not include the lodestar of my co-counsel—the Finney Law Firm—which I understand is similarly extensive. Therefore, the requested fee will result in a significantly negative lodestar multiplier. Both firms will continue to incur significant time leading up to and following the final approval process. Plaintiffs have also devoted time to this cause without any expectation of a bounty. Their initiative, time, and effort were essential to the prosecution of the case. They participated over the years in numerous aspects of this case. Class Counsel believe that an incentive award of up to $10,000 per Class Representative is reasonable. Class Counsel and the Plaintiffs will file a motion for the approval of any requested attorneys' fees, litigation expenses, and service awards at least fourteen days before the deadline for Class Members to file an objection. This motion will provide additional information and documentation supporting the requests, including a more detailed lodestar crosscheck.

## RELIEF TO THE CLASS

15.     Based on previous experience, Class Counsel predict that if the Settlement is approved (including requested fees, expenses, and service awards), each Class Member who submits a valid claim will receive a cash payment between $5,000 and $20,000. This amount assumes that there are approximately 288 Class Members, that Gary Bailey and the rest of the Build Defendants will contribute at least $50,000 to the Common Fund before payments are distributed to the Class, and that the valid claim rate falls somewhere between 7.5% and 33%. This is demonstrated further in the chart below:

|  | **$1,075,000 Common Fund at Time of Distribution to Class** | **$1,025,000 Common Fund at Time of Distribution to Class** |
|---|---|---|
| Maximum Deduction for Attorneys' Fees from Common Fund Before Distribution | $358,333.33 | $341,666.66 |
| Maximum Litigation Expenses | $175,000 | $175,000 |
| Maximum Service Awards | $50,000 | $50,000 |
| Projected Settlement Administration Expenses | $13,000 | $13,000 |
| **Minimum Remaining for Distribution to Class if Approved** | **$478,666.67** | **$445,333.34** |
| 100% Valid Claim Rate | $1,662.03 per valid claim | $1,546.29 per valid claim |
| 50% Valid Claim Rate | $3,324.07 per valid claim | $3,092.59 per valid claim |
| 33% Valid Claim Rate | $5,038.59 per valid claim | $4,687.71 per valid claim |
| 25% Valid Claim Rate | $6,648.14 per valid claim | $6,185.18 per valid claim |
| 10% Valid Claim Rate | $16,505.74 per valid claim | $15,356.32 per valid claim |
| 7.5% Valid Claim Rate | $21,757.57 per valid claim | $20,242.42 per valid claim |

16. For the reasons set forth above and in the accompanying memoranda, Class Counsel believe the Settlement is fair and reasonable and should be preliminarily approved.

I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746(2) that the foregoing is true and correct.

Executed January 14, 2025, in Cincinnati, Ohio.

/s/ W.B. Markovits  
W.B. Markovits, Esq.