# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| COMPOUND PROPERTY MANAGEMENT LLC, et al., | : : : | Case No. 1:19-CV-00133 |
| Plaintiffs, | : : | Judge Douglas R. Cole |
| v. | : : | |
| BUILD REALTY, INC. dba GREENLEAF FUNDING, et al., | : : : | |
| Defendants. | : | |

## [PROPOSED] ORDER GRANTING
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Plaintiffs, individually and on behalf of the proposed Class, and Defendants have entered into a Class Action Settlement Agreement and Release, dated December 14, 2024 ("Settlement Agreement") that, if approved, would settle the above-captioned litigation. Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.      Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.      The Court has jurisdiction over this litigation, Plaintiffs, Defendants, and Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3.      The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the supporting declarations. Based

on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, through which the basic terms of the Settlement were negotiated and finalized. The Court further observes that the Settlement Agreement is the product of both formal discovery and an informal exchange of information between the Parties during mediation. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Class and fall within the range of possible approval as fair, reasonable and adequate.

4.    The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

<u>CLASS  CERTIFICATION</u>

5.    For settlement purposes under Federal Rule of Civil Procedure 23, the Court modifies the definition of the previously certified class to match the Settlement Agreement as follows:

> Plaintiffs and all other persons and entities in Ohio and Kentucky, individually and collectively, that invested in real property and were named as beneficiaries to a trust created through a real estate transaction engaged in by, through, or with any of the Defendants named herein during the Class Period. "Class Period" means from February 1, 2013, through May 24, 2019. Excluded from the Class are: Defendants and their past or present officers, employees, agents, directors, lawyers, and immediate family members; judicial officers and their immediate family members and associated Court staff assigned to this case; and any entities owned or controlled by an individual excluded from the Class.

6.    The Court finds that for settlement purposes, the modified class definition does not affect its previous conclusion that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Class is comprised of hundreds of members; there are questions of law or fact common to the Class; the Class Representatives' claims are typical of those of Class Members; and the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Class.

7.    The Court finds that for settlement purposes, the modified class definition does not

affect its previous conclusion that the Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3): the questions of law or fact common to the Class predominate over individual questions and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

8.      Previously appointed Class Representatives are typical of the Class and will be adequate Class Representatives and may continue as such. Previously appointed Class Counsel, including W.B. Markovits and Dylan J. Gould of Markovits, Stock & DeMarco, LLC, and Christopher P. Finney and Casey A. Jones of Finney Law Firm, LLC, have satisfied the Court that they are experienced and adequate counsel and may continue as such.

<u>NOTICE AND ADMINISTRATION</u>

9.      Pursuant to the Settlement Agreement, the Parties have designated Simpluris, Inc, as the Settlement Administrator. Simpluris shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

10.     The Court finds that the Class Notice and proposed Notice program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice program are reasonably calculated to apprise Class Members of the nature of this Litigation, the scope of the Class, the terms of the Settlement Agreement, the right of Class Members to object to the Settlement Agreement or exclude themselves from the Class and the processes for doing so, and the date of the Final Approval Hearing. The Court therefore approves the Class Notices and Notice program and directs the Parties and the Settlement Administrator to proceed with providing notice to Class Members pursuant to the terms of the Settlement Agreement and this Order.

11.     The Settlement Administrator shall commence the Notice program within the time required by the Settlement Agreement.

12.     The Court also approves the versions of the notices and claim form attached as Exhibits A-C to the Settlement Agreement.

<u>EXCLUSIONS AND OBJECTIONS</u>

13.     Class Members other than the Proposed Class Representatives may opt out of the Settlement by submitting an Opt-Out Request to the Settlement Administrator no later than 60 days from the Notice Date. To be valid, an Opt-Out Request must contain the name, company name (if applicable), address, email address, and telephone number. Each Class Member seeking exclusion from the Settlement must also personally sign (or cause an authorized representative to personally sign) the Opt-Out Request. No Class Member may opt out by a request signed by an actual or purported agent or attorney acting on behalf of a group of Class Members. No Opt-Out Request may be made on behalf of a group of Class Members. Class Members who do not submit a timely, personally signed, valid Opt-Out Request will be bound by the Settlement and this Agreement, including the release of Released Claims. Class Members who timely submit a valid, personally signed Opt-Out Request will have no further role in this Settlement and will not be bound by the Settlement Agreement; accordingly, such Class Members will not be permitted to assert an objection to the Settlement or this Agreement and will receive no benefit described in Section V of this Agreement. The Settlement Notices will advise Class Members of their ability to opt out of the Settlement and of the consequences of opting out of the Settlement. Neither the Parties nor their counsel will solicit any Class Member to submit an Opt-Out Request.

14.     The Settlement Administrator will correspond with Class Members who timely submit both an Opt-Out Request and a Valid Claim Form to clarify the Class Member's intent. The Settlement Administrator's correspondence will state that, unless the Class Member clarifies that he, she, or it intends to opt out of the Settlement within seven (7) days, the Class Member will be deemed to have submitted a Valid Claim.

4

15.    All Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

16.    Class Members, except for Plaintiffs, will have until 60 days after Notice date to file an objection to the Settlement. Neither the Parties nor their counsel will encourage any Class Members to object. Only Class Members who have not submitted an Opt-Out Request to the Settlement Administrator may object to the Settlement. To object, a Class Member must timely file with the Court a written objection and a notice of intent to appear at the Final Fairness Hearing, if the objector chooses to appear at the Final Fairness Hearing. The filing date of any written objection will be the exclusive means for determining the timeliness of an objection. Objections must contain the following information:

a.   the full name, address, telephone number, and email address of the objector;

b.   the name of the limited liability company that is the Class Member, and proof that the person filing the objection has authority to represent that company;

c.   a written statement of all grounds for the objection accompanied by any legal support for such objection;

d.   copies of any papers, briefs, or other documents on which the objection is based;

e.   a list of all cases in which the objector and/or objector's counsel have filed or in any way participated in, financially or otherwise, any objection to a class action settlement in the preceding five years;

f.   the name, address, email address, and telephone number of all attorneys representing the objector;

g.   a statement indicating whether the objector and/or the objector's counsel intends to appear at the Final Fairness Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection; and

h.   the objector's signature.

17.     Any Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

<u>FINAL APPROVAL HEARING</u>

18.     The Court will hold a Final Approval Hearing on _____ at _____ in the Potter Stewart U.S. Courthouse, Room _____, 100 East Fifth Street, Cincinnati, Ohio 45202.

19.     At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the refined Class should be finally certified; (c) Class Counsel's motion for Attorney Fees and Expenses should be granted; (f) the Service Awards sought for Class Representatives should be granted; and (g) a final judgment should be entered.

20.     The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members.

21.     All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

22.     All Class Members who do not validly opt out and exclude themselves are subject to the release of claims described in paragraphs 51-53 and 106-109 of the Settlement Agreement. Although the specific language of the Settlement Agreement controls, this generally includes a release of all claims related in any way to the subject matter of this lawsuit.

23.     In the event that the Settlement Agreement is terminated pursuant to its terms: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert

6

to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released Claims.

24. The Court adopts the following timeline:

| **Grant of Preliminary Approval** | |
|---|---|
| Defendants Make Initial $10,000 Deposit | +5 days from Preliminary Approval |
| Parties provide list of Settlement Class Members to the Settlement Administrator | +14 days from Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +35 days from Preliminary Approval |
| **Notice Date** | +35 days from Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +46 days from Notice Date |
| Objection Deadline | +60 days from Notice Date |
| Opt-Out Deadline | +60 days from Notice Date |
| Claims Deadline | +90 days from Notice Date |
| Settlement Administrator Sends Deficiency Notices | +111 days from Notice Date (21 days from Claim Deadline) |
| Motion for Final Approval and Response to Any Objections | -14 days before Final Approval Hearing |

| **Final Approval Hearing** | Date: _____<br>(at least +164 days from Notice Date,<br>i.e., 199 days from Preliminary Approval) |
|---|---|

     IT IS SO ORDERED.


Dated: _____          _____
                                        Hon. Douglas R. Cole
                                        UNITED STATES DISTRICT JUDGE